PALMER, Appellee,

v.

KAISER FOUNDATION HEALTH, Appellant.

[Cite as *Palmer v. Kaiser Foundation Health* (1991), 64 Ohio App.3d 140.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61097.

Decided June 13, 1991.

*Andrew L. Margolius,* for appellee.

*Elizabeth B. Wright,* for appellant.

*Per Curiam.*

This appeal was filed, briefed and argued as an accelerated appeal pursuant to Local Rule 25 of this court. The appellant timely appeals the decision of the trial court granting the appellee's motion to enforce an oral settlement agreement entered into by the parties. In compliance with App.R. 11.1, it is the opinion of this court that the evidence in the record reflects that a hearing was held prior to the signing of the journal entry and that the court resolved the factual dispute concerning the existence of terms of the settlement agreement.

For the reasons that follow, we affirm the trial court's granting of the appellee's motion to enforce the settlement agreement.

This action involves a law suit filed by the appellee, Barbara Palmer, alleging that the appellant, Kaiser Foundation Health, violated her rights to be recalled for employment after an extended layoff period. The matter was

referred to arbitration, which was cancelled after the parties entered into an oral agreement to settle. Consequently, the appellant prepared a release to be signed by the appellee.

On October 10, 1990, the appellee filed a motion with the trial court alleging that the proposed release, submitted by the appellant, was not the settlement agreement entered into by the parties during their telephone conference. Apparently, the release was correct except for the inclusion of the additional terms for non-disclosure and non-application for future employment, which appellee alleges was not a part of the agreement. The appellant countered and requested that the court enforce its release, which included the additional terms.

The trial court set the matter for a hearing on December 5, 1990, as evidenced by its journal entry. Both parties appeared for the hearing, which was conducted in chambers without a court reporter. The court found that the articulated terms in the settlement agreement were not in dispute and were binding, which effectively denied the appellant's request to include the additional clauses. The appellant was ordered to pay the amount orally agreed and the appellee was ordered to release the appellant of any and all claims, past and future. The court's order was signed and journalized on December 14, 1990. The appellant did not object to the journal entry pursuant to C.P.Sup.R. 24, which was prepared by the appellee's attorney and submitted to the court for approval.

However, the appellant did appeal and assigned the following error:

"The trial court erred in failing to hold an evidentiary hearing to determine the existence and terms of the settlement agreement and by entering judgment finding a settlement agreement where a factual dispute existed as to the terms."

■ The hearing, which was held in chambers, was not recorded and the appellant did not seek to settle the record pursuant to App.R. 9. Therefore, the record on appeal consists of the motions filed by both parties, the journal entry scheduling the hearing for December 5, 1990, and the journal entry filed by the trial court on December 14, 1990, which entry consists of the trial court's finding that there was a binding contract to settle the lawsuit. Nevertheless, the appellant argues that the in-chambers hearing, held by the court, was not an evidentiary hearing as contemplated in the case of *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902.

In *Mack, supra,* the court held that an evidentiary hearing is required when a factual dispute concerning the existence or the terms of a settlement agreement is at issue. In the case *sub judice,* it appears from the record that

a hearing was held. The witnesses or parties to the evidence surrounding the oral settlement agreement were the lawyers and they were present in chambers at the hearing. This kind of informal hearing is not improper when the evidentiary witnesses are the lawyers.

In this case there was an extrajudicial settlement agreement. The trial court was not aware of the terms of the agreement until the hearing on December 5, 1990. Therefore, the sole question before the court was whether the parties entered into a binding contract to settle the lawsuit. The trial court found that they had an agreement and granted the appellee's motion, thereby holding that the parties had an enforceable settlement agreement. *Bolden v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316.

Therefore, it is the position of this court that it will presume regularity rather than irregularity in the trial court proceeding, absent an indication to the contrary.

Accordingly, this court finds that the trial court properly granted the appellee's motion to enforce the settlement agreement.

Pursuant to App.R. 23, the court finds that this appeal is frivolous and that there was no reasonable cause for the appeal. The appellee may submit evidence by way of affidavit regarding the costs, including attorney fees incurred by her in this appeal, within seven days of the judgment entry herein. The appellant may submit counter-affidavits concerning the reasonable attorney fees and costs to be awarded within fourteen days after judgment is entered herein, following which the court will make a finding of costs, including attorney fees, which will be assessed in favor of appellee against the appellant.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., BLACKMON and HARPER, JJ., concur.