## ARISTECH CHEMICAL CORPORATION

### v.

### CARBOLINE COMPANY, Appellant; Sun Company, Inc., et al., Appellees.

[Cite as *Aristech Chem. Corp. v. Carboline Co.* (1993), 86 Ohio App.3d 251.]

Court of Appeals of Ohio,
Scioto County.

No. 92CA2055.

Decided Feb. 10, 1993.

*Blumenfeld, Kaplan, Sandweiss, Marx, Ponfil & Kaskowitz, P.C., Theodore D. Ponfil* and *David E. Martin; McCurdy, Johnson, Ruggiero, McKenzie & Bender* and *Daniel P. Ruggiero,* for appellant.

*Lane, Alton & Horst, Gregory D. Rankin* and *Franklin E. Eck, Jr.,* for appellee Martin Painting & Coating Co.

*Benjamin, Yocum & Heather, Timothy P. Heather* and *Anthony J. Iaciofano,* for appellee R.E. Thoman, Inc.

*Charles L. Cooper,* for appellee J.L. Manta, Inc.

*Reed, Smith, Shaw & McClay, Douglas Y. Christian* and *Kelley A. Grady; Klein, Smith & Klein* and *Thomas L. Klein,* for appellee Sun Company, Inc.

HARSHA, Judge.

Appellant, Carboline Company ("Carboline"), appeals from the judgment of the Scioto County Court of Common Pleas which ordered enforcement of an oral settlement agreement allegedly reached by the parties. We affirm.

Aristech Chemical Corporation ("Aristech") sued various defendants concerning allegedly defective fireproofing which had been applied to its buildings. Named in the suit were Carboline, the manufacturer; Sun Company, Inc. ("Sun"), the corporate successor of Carboline; J.L. Manta, Martin Painting and Coating Company, and R.E. Thoman, Inc., the applicators; and Pullman Kellogg, a division of Pullman, Inc., the engineering firm which recommended the product. The matter proceeded to trial, and after conclusion of the evidence, but before a verdict had been returned, the parties advised the trial court that they had reached a settlement. The following day, the court conducted an informal hearing to conclude the matter, but several factual disputes arose. After the court entered its judgment enforcing "the agreement," Carboline appealed.

Appellant assigns the following as its sole assignment of error:

"The trial court erred in entering its Judgment Entry enforcing a settlement agreement as it failed to conduct an evidentiary hearing to resolve factual issues with respect to the terms of the settlement agreement as between Appellant–Defendant Carboline Company and Appellees–Defendants J.L. Manta, Inc., Martin Painting & Coating Company, R.E. Thoman, Inc. and Sun Company, Inc. and as there was no competent evidence establishing the terms of the settlement agreement as found by the trial court with respect to these parties."

■ Initially, we consider the appropriate standard of review for courts reviewing the propriety of a trial court's enforcement of a settlement agreement. Appellee Sun contends that reviewing courts are limited to determining whether the trial court abused its discretion. However, the two cases cited in support of this proposition, *Chem. Solvents, Inc. v. Lamotite, Inc.* (Dec. 10, 1987), Cuyahoga App.No. 52754, unreported, 1987 WL 27556, and *Willis Appliance & Television, Inc. v. Soc. Natl. Bank* (Oct. 6, 1983), Cuyahoga App.No. 46681, unreported, 1983 WL 2636, do not involve settlement agreements or the alleged failure to hold evidentiary hearings. As aptly noted by appellant in its reply brief, the abuse of discretion standard should not be used where the error involved is a question of law:

" * * * The abuse of discretion standard should be used when the trial court makes discretionary decisions * * *. However, where a trial court's order is based on an erroneous standard or a misconstruction of the law, it is not appropriate for a reviewing court to use an abuse of discretion standard. In

determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law." *Castlebrook, Ltd. v. Dayton Properties Limited Partnership* (1992), 78 Ohio App.3d 340, 604 N.E.2d 808.

In two cases cited and discussed by all parties to this appeal, *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, and *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, the Supreme Court of Ohio did not apply an abuse of discretion standard in reviewing trial court orders enforcing and vacating settlement agreements. Accordingly, we are persuaded that the issues raised in this appeal should be considered in the context of whether the trial court committed an error of law in failing to hold an evidentiary hearing prior to granting the motion to enforce the settlement agreement.

The court conducted a record hearing without swearing witnesses or admitting stipulations. By and large, the "hearing" consisted of arguments of and statements by counsel who had participated in the settlement negotiations. No one raised an objection to this procedure. The degree of the court's actual participation in the preceding negotiations is unclear, but it is clear from the record that the terms of the purported agreement were not memorialized, *i.e.*, reduced to writing or read into the record. It appears that when the defendants later added their respective contributions, they were $50,000 short of the total $3,600,-000 offered to and accepted by Aristech. At the hearing, none of the parties disputed that Aristech was entitled to the $3,600,000, but they disagreed upon how to allocate the $50,000 shortfall among themselves.

Carboline denied that it had agreed to make up the shortfall. It also wanted to preserve its right to seek indemnification from Sun in an action pending in Pennsylvania for its payment in this case. After conducting the "hearing" and upon motion of the applicators and other defendants, the court entered judgment prorating the amount each defendant was to contribute toward the $50,000 shortfall and dismissing with prejudice Carboline's cross-claim for indemnification.

The Tenth District Court of Appeals aptly summarized the law in this area in *Bolen v. Young* (1982), 8 Ohio App.3d 36, 37–38, 8 OBR 39, 40–41, 455 N.E.2d 1316, 1318:

"The general rule is that, where the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and may be enforced. *Spercel v. Sterling Industries* (1972), 31 Ohio St.2d 36 [60 O.O.2d 20, 285 N.E.2d 324].

"Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, *sua sponte,* approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment. *Holland v. Holland* (1970), 25 Ohio App.2d 98, [54 O.O.2d 175, 266 N.E.2d 580]. Where an agreement is purportedly arrived at in the presence of the trial judge and approved by the parties but its terms are not memorialized on the record and one of the parties later disputes the terms of the agreement by refusing to approve an entry journalizing the agreement, the trial judge may not adopt the terms of the agreement as he recalls and understands them in the form of a judgment entry. Instead, the party disputing the agreement is entitled to an evidentiary hearing before another judge (see Code of Judicial Conduct, Canon 3 C[1][b] )—in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement—and, if the court concludes that the parties entered into a binding contract, the settlement may be enforced. See *Spercel v. Sterling Industries, supra.* If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach."

■ Other Ohio courts have similarly held that an evidentiary hearing is required when a factual dispute concerning the existence or the terms of a settlement agreement is at issue. See *Palmer v. Kaiser Found. Health* (1991), 64 Ohio App.3d 140, 142, 580 N.E.2d 849, 850, citing *Mack, supra; Irwin & Flickinger v. Bruce L. Christy Co., L.P.A.* (1989), 61 Ohio App.3d 131, 135, 572 N.E.2d 201, 203. In the case at bar, appellant's attorneys disputed the terms of the purported settlement agreement relating to the parties' contributions to the $3,600,000 settlement figure, as well as the claims between it and Sun. Since the trial court admitted that these terms had not been discussed in its presence, there was a factual dispute concerning these terms of the settlement agreement that required an evidentiary hearing. *Mack, Palmer* and *Irwin, supra.*

■ Nevertheless, appellees assert, *inter alia,* that (1) the hearing held by the trial court on Manta's oral motion to enforce the settlement agreement was tantamount to the required evidentiary hearing; and (2) appellant waived its right to an evidentiary hearing by failing to request it, not filing a motion to set the agreement aside, and not filing a Civ.R. 60(B) motion for relief from judgment.

Appellee Sun cites *Palmer, supra,* and DR 7–102 to suggest that where attorneys are the only evidentiary witnesses, their unsworn statements may be considered as evidence. In *Palmer,* the Eighth District Court of Appeals, without citation of any authority, stated at 64 Ohio App.3d 142–143, 580 N.E.2d at 851:

"In *Mack, supra,* the court held that an evidentiary hearing is required when a factual dispute concerning the existence or the terms of a settlement agreement is at issue. In the case *sub judice,* it appears from the record that a hearing was held. The witnesses or parties to the evidence surrounding the oral settlement agreement were the lawyers and they were present in chambers at the hearing. This kind of informal hearing is not improper when the evidentiary witnesses are the lawyers."

Despite Sun's reliance on the foregoing dicta from *Palmer,* that appellate court ultimately based its decision on the fact that no record was made of the hearing and in the absence of a transcript, it had to "presume regularity rather than irregularity in the trial court proceeding." *Id.* at 143, 580 N.E.2d at 851. Without a transcript, the court could not conclusively state whether the lawyer-witnesses were sworn and presented testimony subject to cross-examination at the hearing. Conversely, in this case, there is a transcript which unambiguously indicates that no attorney presented sworn testimony.

■ Where the representations of counsel indicate a factual dispute concerning the existence or terms of a settlement agreement, the trial court may not rely on unsworn statements of counsel to resolve the dispute. *Kukla v. Natl. Distillers Products Co.* (C.A.6, 1973), 483 F.2d 619; *Massachusetts Cas. Ins. Co. v. Forman* (C.A.5, 1972), 469 F.2d 259. As observed by the United States Court of Appeals for the District of Columbia Circuit:

"A motion to enforce a settlement contract is neither ordinary nor routine. It is the modern counterpart of the olden practice involving supplemental pleadings and formal trial or hearing of the issue as thus developed. Its relative simplicity is a concession to the policy favoring settlements, but only to the extent that full and fair opportunities to prove one's point are substantially preserved. The parties on both sides of appellants' lawsuit had valuable interests at stake in the motion proceeding * * *. To the extent that their several representations to the court left issues of fact for determination, they are entitled to an evidentiary hearing." *Autera v. Robinson* (C.A.D.C., 1969), 419 F.2d 1197, 1203.

Ohio courts have reached similar holdings. See *Chiampo v. Williams* (Sept. 8, 1991), Summit App.No. 14903, unreported, 1991 WL 184826; *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 239, 8 OBR 309, 311, 456 N.E.2d 1309, 1313.

Sun further contends that since DR 7–102(A)(5) provides that a lawyer shall not "[k]nowingly make a false statement of law or fact" during representation of a client, a lawyer's arguments are the legal equivalent of sworn testimony. Nonetheless, witnesses at an evidentiary hearing are subject to cross-examination. All testimony and evidence would be subject to the rules of evidence. Moreover, the foregoing authorities do not equate arguments and representations with sworn testimony. Consequently, the hearing held by the trial court was not the legal equivalent of the required evidentiary hearing.

However, appellees' contention that appellant waived its right to an evidentiary hearing by failing to request it, or to object to the nature of the proceedings has merit. An appellate court need not consider any error which counsel for the party complaining of the trial court's judgment could have, but did not call to the trial court's attention at a time when the error could have been avoided or corrected. *First Fed. S. & L. Assn. of Akron v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 144, 567 N.E.2d 298, 304; see, also, *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 522 N.E.2d 524.

In *Mack, supra,* 14 Ohio St.3d at 37, 14 OBR at 337, 470 N.E.2d at 904, the Ohio Supreme Court noted:

"Additionally, the record is silent as to any request by appellant for an evidentiary hearing to adjudicate either the existence or terms of the settlement agreement."

While this language is not contained in *Mack*'s syllabus, it is consistent with the well-founded legal doctrine that failure to request an evidentiary hearing constitutes waiver, see, *e.g., Wilkinson v. Stirr* (Oct. 14, 1992), Highland App. No. 797, unreported, 1992 WL 308272. In this matter, appellant's counsel strenuously objected to the *substance* of the arguments put before the court, but never once objected to the *procedure* being used. It would have been a simple matter to request the court to place counsel under oath and proceed with a formal hearing. Having failed to do so, appellant cannot participate in and await the outcome of the proceeding, only to object upon an adverse ruling. Thus, while appellants were entitled to an evidentiary hearing, their full and unqualified participation in the court's proceeding estops them from complaining about an unfavorable result.

Accordingly, appellant's assignment of error is overruled and the judgment of the trial court is hereby sustained.

*Judgment affirmed.*

PETER B. ABELE, J., concurs.

GREY, J., dissents.