OPINION
Appellant Fred Durbin appeals the decision of the Knox County Court of Common Pleas that entered judgment, in favor of Appellee Jerry Holston, on a motion to enforce settlement. The following facts give rise to this appeal. Appellee Jerry Holston commenced this action by filing a complaint in the Knox County Court of Common Pleas against Appellant Fred Durbin on May 22, 1995. The complaint set forth claims for breach of a home improvement contract, breach of an implied warranty of workmanship and violation of the Ohio Consumer Sales Practices Act. Appellee obtained a default judgment against appellant on August 7, 1995. On January 11, 1996, appellant filed a motion for relief from judgment which the trial court granted on March 26, 1996. Following the trial court's grant for relief from judgment, this matter proceeded until the dispute was settled by means of an agreement between the parties dated September 25, 1996. The parties made a modification to the settlement agreement on November 18, 1996. The trial court approved the settlement agreement on November 21, 1996. Pursuant to the terms of the settlement agreement, appellee received a monetary judgment in the amount of $3,000 with credit for funds garnished from appellant. This portion of the judgment was secured by a mortgage on appellant's residence located at 801 North Mulberry Street, Mount Vernon. The settlement agreement also required appellant to perform certain enumerated repairs to appellee's residence and garage. Thereafter, having failed to comply with the settlement agreement, appellee filed a motion to enforce settlement agreement on December 29, 1998. The trial court scheduled a hearing on appellee's motion on April 12, 1999. Service of notice of the hearing date was attempted at the Mulberry Street address. Service at this address failed and a praecipe was filed on February 22, 1999, seeking service of the motion and notice of the hearing, by certified mail, at 901 East Gambier Street, Mount Vernon. The certified mail was unclaimed and the motion and notice of the hearing was sent by ordinary mail, to the East Gambier Street address, on March 24, 1999. The trial court conducted the hearing, as scheduled, and appellant failed to appear. The trial court issued a judgment entry on April 26, 1999, awarding appellee judgment in the amount of $5,350. Appellant filed a notice of appeal and motion for relief from judgment on May 21, 1999. Appellant sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT ERRED BY PROCEEDING TO HEARING AND ENTERING JUDGMENT ON A MOTION TO ENFORCE SETTLEMENT WITHOUT REQUIRING THE MOVANT TO, PRIOR TO FILING THE MOTION, OBTAIN LEAVE OF COURT TO DO SO AS RQUIRED (SIC) BY CIVIL RULE 15(E).
II. THE TRIAL (SIC) COMMITTED REVERSIBLE ERROR BY PROCEEDING TO HEARING ON A MOTION TO ENFORCE SETTLEMENT WITHOUT REQUIRING PROPER NOTICE OF HEARING TO BE SERVED UPON THE DEFENDANT-APPELLANT PURSUANT TO CIVIL RULE 6(D).
 II
We will address appellant's Second Assignment of Error first as we find it impacts our analysis of appellant's First Assignment of Error. In his Second Assignment of Error, appellant contends the trial court committed reversible error by proceeding to a hearing on the motion to enforce settlement without requiring proper notice of the hearing being served on him pursuant to Civ.R. 6(D). We disagree. Civ.R. 6(D) provides as follows: (D) Time: motions A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(C), opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.
We find the record indicates appellant was served with the motion and notice of hearing as required by Civ.R. 6(D). Appellant admits, in his affidavit attached to his motion for relief from judgment, that he resides at 901 East Gambier Street, Mount Vernon, and that he has resided at this address all year. A copy of the motion to enforce settlement and notice of the hearing was sent to appellant, by certified mail, to the East Gambier Street address, on February 25, 1999. On March 16, 1999, the clerk's office noted on the docket that the certified mail was unclaimed. Thereafter, on March 24, 1999, a copy of the motion to enforce settlement and notice of hearing date was mailed to the East Gambier Street address by ordinary mail. The trial court conducted the hearing in this matter on April 12, 1999. Since appellant admits that he resides at the East Gambier Street address, we find appellant received a copy of the motion to enforce settlement and notice of the hearing date. Service was obtained in this matter pursuant to Civ.R. 4 as certified mail was returned unclaimed and the Clerk then mailed a copy of the motion and notice of hearing date, by ordinary mail, to appellant's admitted address. Accordingly, we conclude appellant had notice of these proceedings. Appellant's Second Assignment of Error is overruled.
 I
Having determined appellant was properly served with a copy of the motion to enforce settlement and notice of the hearing date, we will proceed to address appellant's First Assignment of Error. In his First Assignment of Error, appellant contends the trial court erred by proceeding to a hearing and entering judgment on appellee's motion to enforce settlement without requiring appellee to obtain, prior to filing the motion, leave of court to do so as required by Civ.R. 15(E). We disagree. Ohio case law requires a party seeking enforcement of a settlement agreement to either file an independent action for breach of contract or file a supplemental pleading in a pending proceeding pursuant to Civ.R. 15(E). Prudential Property Casualty Ins. Co., Inc. v. LMI Ins. Co. (March 7, 1997), Richland App. No. 96 CA 32, at 12, citing Boster v. C M Servs., Inc. (1994), 93 Ohio App.3d 523, 525-526; Aristech Chem. Corp. v. Carboline Co. (1993), 86 Ohio App.3d 251,255; Bolen v. Young (1982), 8 Ohio App.3d 36, 38. In the case sub judice, appellee did not commence an independent action and therefore, sought relief pursuant to Civ.R. 15(E). Civ.R. 15(E) provides as follows: (E) Supplemental pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.
Appellant contends that because appellee did not seek leave of court to file his motion to enforce settlement, appellee's motion and the trial court's proceedings should be deemed a nullity. Appellant did not object to these proceedings at the trial court level. If appellant believed appellee was proceeding improperly in this matter, he could have sought relief by filing a motion to dismiss the motion to enforce the settlement agreement. However, the record indicates appellant failed to do so and did not even make an appearance at the hearing on this matter. Therefore, by his own actions, we find appellant waived any right he had to raise this issue on appeal. Appellant's First Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Reader, V. J., concur.