DECISION
John and Lilly Lawrence appeal from the trial court's judgment granting the defendants' motions to enforce a settlement. The Lawrences assign as error the trial court's failure to conduct an evidentiary hearing and the trial court's finding that a binding settlement agreement had been reached. We sustain the first assignment of error for the reasons set forth below.
In July 1999, the Lawrences filed suit against the defendants for personal injuries resulting from two automobile accidents that occurred on different dates. The defendants negotiated a settlement of the entire suit for $13,501 with the Lawrences' first attorney. When the Lawrences learned that the settlement purported to resolve their claims for both accidents, and not just for one of the accidents, they refused to execute an entry of dismissal or a release of their claims. The defendants moved for enforcement of the settlement agreement.
On August 17, 1998, counsel for each of the parties, including the Lawrences' first attorney, appeared before the trial court. John Lawrence was present with a new attorney. No testimony was taken by the trial court. No exhibits were introduced into evidence. The trial court informally asked the lawyers and John Lawrence about the purported settlement agreement. After that court appearance, the Lawrences voluntarily dismissed their claims against the defendants, only to refile them within a year.
After the case was refiled, the defendants again filed motions to enforce the settlement. In response, the Lawrences filed the affidavit of John Lawrence, which disputed the existence of any agreement as to a settlement.
A trial court may not rely on unsworn statements of counsel to resolve a dispute as to the existence of a settlement agreement. See Aristech Chemical Corp. v. Carboline Co. (1993), 86 Ohio App.3d 251,256, 620 N.E.2d 258, 261. The trial court must conduct an evidentiary hearing before reducing an agreement to judgment if the parties dispute the existence of a settlement agreement. See Rulliv. Fan Co. (1997), 79 Ohio St.3d 374, 377, 683 N.E.2d 337, 339. InRulli, the Ohio Supreme Court stated,
 Where parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties. To do so would be to deny the parties' right to control the litigation, and to implicitly adopt * * * the interpretation of one party, rather than enter judgment based upon a mutual agreement. In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing. [Citation omitted.]
 Id.
In this case, John Lawrence clearly disputed the existence of a settlement agreement. Therefore, because the trial court failed to conduct an evidentiary hearing, we sustain the first assignment of error. Our disposition of the first assignment of error renders moot the second assignment of error. We reverse the trial court's judgment and remand this case for further proceedings in accordance with law.
 __________________________ Winkler, Judge.
 Hildebrandt, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.