DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment which adopted a settlement agreement reached between Carper Well Service, Inc., plaintiff below and appellee herein, Peoples Petroleum Corp., defendant below and appellant herein, and Samuel F. Buckey, defendant below.[1]
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "[THE TRIAL COURT ERRED] IN PREMATURELY FILING AN ENTRY WHICH HAD NOT BEEN AGREED TO AND NOT ALLOWING APPELLANTS TO STATE THEIR OBJECTIONS."
SECOND ASSIGNMENT OF ERROR:
 "[THE TRIAL COURT ERRED] IN MAKING AN ORDER, STATING IT TO BE A SETTLEMENT, WHEN IN FACT IT WAS CONTRARY TO THE SPECIFIC AGREEMENT OF THE DEFENDANT-APPELLANTS."
Our review of the record reveals the following facts pertinent to the instant appeal. On December 15, 1997, appellee filed a complaint against appellant and Samuel F. Buckey. On January 5, 2000, the trial court entered an order reciting that the parties had appeared before the court on November 9, 1999 and had informed the court that the parties had reached a settlement with respect to all matters. The trial court's entry further stated that it entered the order "[b]ased upon the representations of counsel placed upon the record." Appellant subsequently refused to sign the January 5, 2000 order. Appellant filed a timely notice of appeal from the trial court's judgment entry which approved the parties' settlement agreement.
In its two assignments of error, appellant essentially argues that the trial court erred by approving a settlement that was contrary to the parties' agreement.[2] Appellant appears to contend that the parties agreed that they would settle the matter without producing a "court record."
Appellee asserts that no error occurred during the trial court proceedings. Appellee notes that at a November 9, 1999 oral hearing, the parties placed the settlement agreement on the record and that appellant did not, at that time, object to the terms of the agreement.
In Aristech Chemical Corp. v. Carboline Co. (1993), 86 Ohio App.3d 251,620 N.E.2d 258, we discussed the law applicable to settlement agreements as follows:
 "`The general rule is that, where the parties to an action voluntarily enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract and may be enforced. Spercel v. Sterling Indust. (1972), 31 Ohio St.2d 36 [ 285 N.E.2d 324.]
 Where the settlement agreement is arrived at by the parties in open court and preserved by being read into the record or being reduced to writing and filed, then the trial judge may, sua sponte, approve a journal entry which accurately reflects the terms of the agreement, adopting the agreement as his judgment. Holland v. Holland (1970), 25 Ohio App.2d 98
[266 N.E.2d 580]. Where an agreement is purportedly arrived at in the presence of the trial judge and approved by the parties but its terms are not memorialized on the record and one of the parties later disputes the terms of the agreement by refusing to approve an entry journalizing the agreement, the trial judge may not adopt the terms of the agreement as he recalls and understands them in the form of a judgment entry. Instead, the party disputing the agreement is entitled to an evidentiary hearing before another judge * * * in which the trial judge may be called as a witness to testify as to his recollection and understanding of the terms of the agreement-and, if the court concludes that the parties entered into a binding contract, the settlement may be enforced. See Spercel v. Sterling Indus., supra. If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action * * *.'"
Id., 86 Ohio App.3d at 255, 620 N.E.2d at 6 (quoting Bolen v. Young
(1982), 8 Ohio App.3d 36, 37-38, 455 N.E.2d 1316, 1318).
In the case at bar, the only evidence in the record of the parties' settlement agreement is the January 5, 2000 judgment entry. In the January 5, 2000 entry, the court recited that the entry reflected the parties' agreement as presented to the court at the November 9, 1999 hearing. Given the limited record in the case sub judice, we must presume the regularity of the proceedings. We note that:
 "The appellant has the duty to provide a reviewing court with a sufficient record to support the assigned errors. App.R. 9(B). `When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385."
Cline v. Electronic Data Systems Corp. (Sept. 18, 2000), Washington App. No. 99 CA 14, unreported.
Without a transcript of the November 9, 1999 hearing, we must presume that the parties agreed to the settlement terms as reflected in the trial court's January 5, 2000 entry. No evidence exists that appellant, prior to January 5, 2000, objected to the settlement terms. Moreover, the January 5, 2000 entry states that appellant and appellee agreed to the terms as specified in that entry.
Accordingly, based upon the foregoing reasons, we overrule appellant's first and second assignments of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concurs in Judgment Opinion
 _________________________ Peter B. Abele Judge
[1] Samuel F. Buckey is not a party to the present appeal.
[2] Although appellant raises two assignments of error, appellant does not separately argue the two alleged errors as App.R. 16(A) requires. See, also, App.R. 12(A)(2) (permitting appellate court to disregard assignments of error that are not separately argued).