DECISION.
Appellees Adrian R. and Darlene Ramsey, Donald B. and Missy Ellis, and Donald B. Ellis, d/b/a U.S. Roofing, appeal from the trial court's judgment granting the motion to enforce a settlement agreement filed by appellants Gregory and Valerie J. Howard. The Ramseys and the Ellises assert that the trial court erred by (1) granting the motion to enforce the settlement agreement and (2) considering statements and exhibits used in mediation in making its determination to enforce the settlement agreement.
This vituperative litigation involves a driveway easement and a strip of land between two adjoining properties. As we too often see, this boundary dispute has escalated, resulting not only in an acrimonious lawsuit, but in an equally unfortunate trip to the court of appeals. The facts of the underlying case are of no importance to this appeal. What this court must determine is whether the trial court erred as a matter of law in granting the motion to enforce the settlement agreement between the parties.[1]
The trial court held an evidentiary hearing on the matter. The evidence before it consisted of counsels' affidavits and exhibits, and an unsworn oral statement by counsel for defendant Merchant's Bank and Trust Company ("Merchant's"), the mortgage holder of the property owned by the Ramseys and inhabited by the Ellises. The evidence demonstrated that the Ellises, the Ramseys, and their counsel, the Howards and their counsel, and Merchant's counsel had been actively involved in a mediation proceeding that had resulted in the diagramming of the disputed boundaries and the subsequent memorialization of a settlement agreement. The evidence demonstrated that the settlement agreement was reached at the mediation, that the attorneys were attempting to "fine tune" the agreement, and that the fine tuning was proceeding amicably until the Ramseys and the Ellises decided unilaterally to attempt to repudiate the agreement. We cannot conclude, based on the record before us, that the trial court erred in concluding that the parties had entered a settlement agreement certain as to all material terms. We overrule this assignment.
No objection was made to the procedures used at the evidentiary hearing.[2] In fact, the trial court noted that the Ramseys and the Ellises had agreed, in an off-the-record discussion with the trial court, that they would abide by the understanding of Merchant's counsel, a relatively objective party, as to whether they had agreed to the placement of a fence along the easement area. The Ellises and the Ramseys then objected at the hearing to a statement by Merchant's counsel that it was his understanding from the agreement reached during mediation that the parties had not agreed that a fence could be placed along the easement area. The Ellises and the Ramseys now argue that the understanding was based on confidential information from the mediation proceeding and, thus, that disclosure of that understanding violated Loc.R. 31(E) of the Hamilton County Court of Common Pleas and R.C.2317.023. Because the Ellises and Ramseys agreed that they would accept Merchant's counsel's understanding as to that term of the agreement, it would have made no sense to preclude his statement. This is particularly true where R.C. 2317.023(C)(2) allows for disclosure of a mediation communication by a person other than the mediator if all the parties consent to the disclosure. Obviously, the agreement to abide by the understanding of Merchant's counsel constituted consent. Further, his understanding was not prejudicial to the Ellises and the Ramseys, when it was consistent with their own understanding of the term in the settlement agreement. As to any objection on appeal regarding the remaining evidentiary material, such objection was waived when the Ramseys and the Ellises offered the evidence for the trial court's consideration at the hearing and made no objection below. We overrule the Ramseys' and the Ellises' second assignment.
Based on the record before us, we conclude that the trial court did not err as a matter of law in deciding to enforce the settlement agreement. Therefore, the judgment of the trial court is affirmed.
Sundermann and Winkler, JJ., concur.
 __________________________ Painter, Presiding Judge.
[1] See Continental West Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc. (1996), 74 Ohio St.3d 501, 660 N.E.2d 431.
[2] See Aristech Chemical Corp. v. Carboline Co. (1993),86 Ohio App.3d 251, 620 N.E.2d 258 (failure to object to the procedure used in an evidentiary hearing, coupled with full and unqualified participation, waives the right to appeal the procedure).