This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Classic Imports, Inc. ("Classic Imports"), appeals from a decision of the Wayne County Court of Common Pleas that enforced a settlement agreement and granted judgment in the amount of $700 plus interest to appellees, Hemant and Jackie Arya and their business, Shakti Enterprises, (collectively "the Aryas"). This Court affirms.
On December 14, 1999, Classic Imports filed a complaint against the Aryas, its former employees, alleging that the Aryas had misappropriated customer lists and other confidential information while still employed by Classic Imports and that they were currently using that information to illegally compete with Classic Imports. Classic Imports sought to enjoin the Aryas from using that information. Although the Aryas did not file a counterclaim in this case, the record reveals that at this same time, Mrs. Arya was a named plaintiff in a class action that was pending against Classic Imports in federal court. The federal case apparently involved allegations of wage and overtime hour violations.
On January 19, 2000, at what was to be a hearing on Classic Imports' motion for a preliminary injunction, the parties informed the trial court that they had reached a settlement. As represented to the court by counsel for Classic Imports:
 [T]he parties have reached an agreement to resolve all matters before them in this action and other matters upon the representation of the Defendants that they do not have a customer list and obviously will not use such list in the future. [The plaintiff] is agreeable to pay to the Defendants jointly the sum of $1,000 with the understanding that both Defendants will execute a full and complete release of all claims against Classic Imports. And that Jackie Arya, Defendant herein, will take whatever action is necessary to be dismissed with prejudice in the United States District Court case dealing with wage and hour overtime violations. In other words, she's going to take whatever action is necessary to cause that action to be completed with prejudice as to any further actions as to her. * * *
 The trial court filed a journal entry in which it indicated that the case had been settled and dismissed, but that it retained jurisdiction to enforce the settlement agreement.
On April 20, 2000, the Aryas filed a motion to enforce the settlement agreement, asserting that the parties had agreed to reduce the amount owed by Classic Imports to $700, but that Classic Imports had never paid them. Classic Imports did not file any written response to this motion.
On May 24, 2000, the trial court held a hearing on the motion. The court expressed its understanding that Mrs. Arya had received $300 as part of an overall settlement in the federal class action and that the parties agreed that the $300 should be set off against the $1,000 owed to the Aryas by Classic Imports. Counsel for Classic Imports indicated to the court, however, that Classic Imports had not paid the Aryas on the settlement agreement because it believed that Mrs. Aryas had not complied with the terms of the agreement. Specifically, although he conceded that Mrs. Arya had been dismissed from the federal suit, counsel stated that, rather than withdrawing from the case immediately, she "participat[ed] further in that case, forcing [Classic Imports] to a settlement[.]"
Nonetheless, the trial court found that the Aryas had substantially complied with the settlement agreement "if not complied in total." Other than a few opening remarks by counsel for Classic Imports that he questioned whether the parties had agreed to modify the settlement agreement, counsel for Classic Imports said nothing further. He did not request an evidentiary hearing on the issue, nor did he object to the trial court proceeding to rule on the merits of the Aryas' motion without first conducting an evidentiary hearing.
The trial court ordered Classic Imports to pay the Aryas $700. Classic Import appeals and raises one assignment of error.
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY ENFORCING, WITHOUT EVIDENTIARY HEARING, THE PARTIES' SETTLEMENT AGREEMENT WHEN SUCH WAS ALLEGEDLY MODIFIED AFTER IT WAS READ INTO THE RECORD.
Classic Imports contends that the trial court was required to hold an evidentiary hearing before enforcing the settlement agreement, citingRulli v. Fan Co. (1997), 79 Ohio St.3d 374, syllabus, which provides that "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." The Aryas, on the other hand, assert: (1) that theRulli syllabus is inapplicable to this case, and (2) that Classic Imports waived any right to an evidentiary hearing because it failed to raise the issue in the trial court.
Even if the trial court should have taken evidence before enforcing the settlement agreement, Classic Imports failed to raise this issue below and cannot do so now for the first time. Generally, in civil cases, any error, which arises during the course of the proceedings and is not brought to the attention of the trial court at the time it could be remedied, is waived and may not be reviewed on appeal. LeFort v. Century21- Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123.
In Aristech Chem. Corp. v. Carboline Co. (1993), 86 Ohio App.3d 251,257, the Fourth District Court of Appeals held that, even though the trial court should have held an evidentiary hearing before enforcing the parties' settlement agreement because the parties disputed the terms of the agreement, the appellant was estopped from raising that argument because he failed to timely raise the issue in the trial court. "It would have been a simple matter to request the court to place counsel under oath and proceed with a formal hearing. Having failed to do so, appellant cannot participate in and await the outcome of the proceeding, only to object upon an adverse ruling." Id. Similarly, Classic Imports easily could have raised this issue while standing before the trial court on May 24, 2000, with a court reporter present, but it failed to do so. Consequently, it has failed to preserve this issue for appellate review and this Court will not address it. Classic Import's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ WILLIAM G. BATCHELDER
SLABY, J. CONCURS, CARR, J. CONCURS IN JUDGMENT ONLY.