OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Donald E. Powers, appeals from a final judgment of the Lake County Court of Common Pleas enforcing a settlement agreement he had negotiated with appellee, MagiTech Corporation, Inc.
The following facts are relevant to this appeal. On August 31, 2000, appellant filed a complaint for declaratory relief in the Lake County Court of Common Pleas. In his complaint, appellant alleged that he and appellee had entered into an employment contract on November 11, 1998. Among other items, the contract contained a confidentially agreement and a covenant not to compete. Subsequently, appellant left appellee and took a job with another company, 1WORLD Computer Services, Inc. ("1WORLD").[1]
Appellant asked the trial court to determine whether the parties' contract was valid, and whether appellee was estopped from enforcing it, based on comments made by one of the company's agents.
Appellee filed an answer denying the allegations in the complaint. Included in its answer was a counterclaim in which the company asked for compensatory and punitive damages, along with an injunction. As grounds for its counterclaim, appellee claimed that when appellant left the company to work with 1WORLD, he violated both the confidentiality agreement and the covenant not to compete contained in their employment contract. Specifically, appellee maintained that 1WORLD was one of their direct competitors; that appellant had contacted appellee's customers in an attempt to solicit their business; and that appellant had contacted appellee's employees in an effort to obtain confidential and proprietary information and had encouraged them to leave appellee.
The matter proceeded to trial on October 12, 2000. During a morning recess, the parties discussed settlement options and purportedly reached an agreement. As a result, the trial court issued an agreed judgment entry stating in pertinent part that "[t]he parties have arrived at a settlement, release of claims and have agreed to the terms of an injunction."[2] The trial court then ordered the parties to submit an injunction order and execute all appropriate releases within fourteen days.
However, on November 30, 2000, appellee filed a motion with the trial court to enforce the settlement agreement. In doing so, appellee argued that, although its attorney had drafted the injunction order and appropriate releases, appellant had refused to sign the documents because he claimed they did not accurately reflect the agreement entered into by the parties.
The trial court held a hearing on January 4, 2001, during which time both sides only presented oral arguments for and against their respective positions. On January 8, 2001, the trial court issued a judgment entry in which it found that the documents drafted by appellee reflected the parties' entire agreement. Accordingly, the court granted appellee's motion to enforce and ordered appellant to execute the documents.
On January 19, 2001, appellee filed a motion to show cause, arguing that appellant should be held in contempt because he had yet to sign the documents as ordered. Appellant subsequently filed a notice of appeal with this court on February 7, 2001. Nevertheless, on March 5, 2001, the trial court issued a judgment entry reaffirming its earlier January 8, 2001 order. In addition, the court also noted that although appellant had agreed now to execute the documents, he was doing so "under protest and without waiving his right to Appellate review of this and prior Court decisions, including this Court's decision of January 8, 2001."
In his first assignment of error, appellant argues that the trial court erred in granting appellee's motion to enforce, without first conducting an evidentiary hearing. He maintains that because there was a dispute over the terms of the settlement agreement, the trial court should have allowed the parties to introduce evidence into the record before ordering them to execute the submitted documents.
Generally speaking, a settlement agreement is a binding contract.Marshall v. Beach (2001), 143 Ohio App.3d 432, 436. Accordingly, such agreements must meet the essential requirements of contract law before they will be subject to enforcement. Id.
"Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, syllabus. However, "[i]t is within the sound discretion of the trial court to enforce a settlement agreement, and its judgment will not be reversed where the record contains some competent, credible evidence to support its findings regarding the settlement." Mentor v. Lagoons PointLand Co. (Dec. 17, 1999), Lake App. No. 98-L-190, unreported, 1999 Ohio App. LEXIS 6127, at 11.
Here, neither party disputes the fact that they entered into a settlement agreement. Rather, appellant argues that after the agreement was reached the parties soon disagreed as to what should be included in the injunction order and release of claims. As a result, appellant maintains that the court should have held an evidentiary hearing before ordering the parties to execute the documents drafted by appellee. While we agree that litigants in situations such as this must be given the opportunity to present evidence, the parties failed to take advantage of the hearing that was held in this case.
As we noted earlier, the trial court conducted a hearing on January 4, 2001, during which time both sides presented oral arguments for and against their respective positions. Appellant, however, claims that the trial court never permitted the parties to introduce evidence during this proceeding.
Although appellant's attorney argued on his behalf during the hearing, there is no indication in the record that she ever asked the trial court to introduce any evidence. Neither does the record indicate that the trial court's role was so coercive or forbidding as to intimidate appellant's attorney from voicing her concerns. To the contrary, the trial court invited comment from both sides. Accordingly, because appellant never asked to introduce evidence or objected in any fashion to the nature of the proceedings, he has waived his right to an evidentiary hearing.
In Aristech Chem. Corp. v. Carboline Co. (1993), 86 Ohio App.3d 251,257, the Fourth Appellate District considered a similar argument and held the following:
 "In this matter, appellant's counsel strenuously objected to the substance of the arguments put before the court, but never once objected to the procedure
being used. It would have been a simple matter to request the court to place counsel under oath and proceed with a formal hearing. Having failed to do so, appellant cannot participate in and await the outcome of the proceeding, only to object upon an adverse ruling. Thus, while appellants were entitled to an evidentiary hearing, their full and unqualified participation in the court's proceeding estops them from complaining about an unfavorable result." (Emphasis sic.)
 We conclude that the same logic would be applicable to the instant matter. During the January 4, 2001 hearing, appellant had the opportunity to put on evidence in support of his position. In fact, after the parties' attorneys and the trial court discussed the case for approximately one hour in chambers, the judge gave the attorneys the opportunity to place their respective arguments on the record. When that was completed, the judge then asked both sides if there was anything else they wanted to put on the record. The only item mentioned was a matter unrelated to this appeal.
Thus, appellant did not raise this issue below; i.e., he neither asked to put on evidence nor did he object to the way the trial court conducted the hearing. As a result, he cannot raise it on appeal for the first time. Classic Imports, Inc. v. Arya (April 11, 2001), Wayne App. No. 00CA0049, unreported, 2001 WL 358381, at 2 (holding that as with the appellant in Aristech, supra, "Classic Imports easily could have raised this issue while standing before the trial court * * * but it failed to do so."). See, also, Mack v. Polson Rubber Co. (1984), 14 Ohio St.3d 34,36-37 (observing that "the record is silent as to any request by appellant for an evidentiary hearing to adjudicate either the existence or terms of the settlement agreement."). Appellant's first assignment of error is not well-taken.
Under his second assignment of error, appellant argues that the trial court erred in finding that the documents prepared by appellee were an accurate reflection of the parties' settlement agreement. Specifically, he claims, that while it appears from the record that the parties believed they had reached an agreement settling all aspects of the litigation, there was never truly a meeting of the minds with regard to what the actual terms of the settlement were.
Essentially, appellant is arguing that the trial court's decision to equate the disputed terms of the settlement agreement with the terms included in the documents drafted by appellee was against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings."State ex rel. Celebrezze v. Environmental Enterprises, Inc. (1990),53 Ohio St.3d 147, 154.
As the moving party, appellee had the burden of proving that the parties entered into an enforceable settlement agreement. However, the only evidence submitted during the January 4, 2001 hearing were copies of the injunction order and releases that had been prepared by appellee's attorney. Neither side called a witness to testify with respect to the negotiations or the disputed terms. Instead, both parties orally argued their respective positions to the trial court.
The Supreme Court of Ohio noted in Rulli that "[w]here parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties." Rulli at 377. To do so, according to the Supreme Court, "would be to deny the parties' right to control the litigation, and to implicitly adopt (or explicitly, as the trial court did here) the interpretation of one party, rather than enter judgment upon a mutual agreement." Id. That is why a trial court is required to hold an evidentiary hearing when the parties disagree over the meaning of particular terms, or where they dispute the very existence of a settlement agreement.
Here, we have an anomaly. Appellant has unsuccessfully challenged the manner in which the trial court conducted the January 4, 2001 hearing. However, that does not automatically mean that appellee was relieved of its obligation to support its motion to enforce. The burden was not on appellant to disprove appellee's claims. Rather, to be entitled to judgment, appellee had to provide some evidence that the documents drafted by its attorney accurately reflected the parties' agreement.
Furthermore, nothing in the record suggests that the trial court had personal knowledge of the terms of the settlement agreement at the time the judgment entry of settlement was filed. Accordingly, because appellee did not put on evidence to support its position, the trial court's judgment enforcing the settlement agreement is not supported by competent, credible evidence. Appellant's second assignment of error has merit.
Based on the foregoing analysis, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
FORD, P.J., dissents with Dissenting Opinion, GRENDELL, J., concurs.
[1] World is not a party in this case.
[2] No details about the settlement, beyond the above general statement, were included in the entry.