DECISION AND JUDGMENT ENTRY
{¶ 1} Gregory Reese appeals the trial court's adoption of a settlement entry drafted by counsel for Yvonne Lucas in a dispute over the allocation of parental rights. He contends that the entry does not accurately reflect the terms of the parties' agreement concerning the qualifications of a tutor and the unlimited access it grants to Ms. Lucas to review her daughter's records. Although the entry does not specifically require that Lucas provide a "state-certified" tutor for the parties' daughter, such an interpretation is implicit in the language of the agreement. And, the portion of the entry allowing Lucas access to all of the daughter's records, rather than limiting which records she has access to, is consistent with the statutory mandates of R.C. 3109.051(H). Therefore, any error in including this language is harmless. Because the trial court did not abuse its discretion by signing the judgment entry, we affirm it.
 {¶ 2} Reese and Lucas are the parents of Marjorie Marie Lucas. In October 2003, the parties signed an agreed entry allowing Marjorie to reside with Reese during the school year and with Lucas during the summer months, and stating that Lucas could have additional visitation with Marjorie as could be arranged. In July 2004, Lucas filed a motion to hold Reese in contempt for failing to permit Marjorie to reside with her during the summer as agreed. Lucas also filed a motion to modify parental rights and responsibilities and a motion for temporary orders seeking custody of Marjorie.
 {¶ 3} At the start of the hearing, the parties informed the magistrate that they had reached an agreement whereby Reese would retain custody of Marjorie during the school year and Lucas would have visitation during summer and school vacations. The parties also agreed that Lucas would be responsible for providing a tutor and/or schooling as needed by Marjorie during her summer visits, and that the parties would share information and access to medical and school records. At the end of the hearing, the magistrate asked each party if he or she understood the agreement and wanted the court to accept it. Both responded affirmatively. The magistrate accepted the parties' agreement and instructed Lucas's counsel to draft an entry for his signature.
 {¶ 4} Lucas's counsel drafted an agreed entry and provided Reese's counsel[2] with a copy for his approval. Reese's counsel refused to sign the entry, asserting that it did not accurately reflect the parties' agreement. Lucas asked the court to adopt the journal entry and Reese filed a memorandum contra that request. The magistrate and the trial court both signed the entry and the magistrate later issued a decision finding that the written agreement submitted by Lucas's counsel accurately reflected the recorded proceedings. The judge adopted the magistrate's decision and entered judgment accordingly.
 {¶ 5} Reese appeals the court's adoption of the journal entry drafted by Lucas's counsel, assigning the following error:
The trial court erred in signing a journal entry which left out portions of an agreement read on the record by the parties and included things in the journal entry that were not read on the record.
 {¶ 6} Reese argues that the court erred by signing the journal entry because it failed to specify that Lucas was required to provide a "state-certified" tutor for Marjorie if needed during the summer months, and because it granted Lucas access to all of Marjorie's records, not only medical and school records as agreed at the hearing.
 {¶ 7} Generally, where the parties to an action enter into a voluntary settlement agreement in the presence of the court, the agreement is a binding contract and is enforceable. Spercel v.Sterling Indus., Inc. (1972), 31 Ohio St.2d 36, 285 N.E.2d 324. Where the agreement is reached by the parties in open court and preserved on the record or reduced to writing and filed, the court may, sua sponte, approve a journal entry that accurately reflects the terms of the agreement, adopting the agreement as its judgment. Aristech Chem. Corp. v. Carboline Co. (1993),86 Ohio App.3d 251, 254-255, 620 N.E.2d 258.
 {¶ 8} If the terms of a settlement agreement are in dispute, the issue of whether a trial judge should enforce the alleged settlement agreement is reviewed under an abuse of discretion standard. Moore v. Johnson (Dec. 11, 1997), Franklin App. Nos. 96APE11-1579, 96APE12-1638, and 96APE12-1703, citing Rulli v.Fan Co., 79 Ohio St.3d 374, 376, 1997-Ohio-380, 683 N.E.2d 337. The term "abuse of discretion" connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Therefore, we must determine whether the trial court abused its discretion by approving the settlement entry filed by Lucas.
 {¶ 9} First, Reese objects to the fact that the settlement entry does not specify that Lucas must provide a "state-certified" tutor for Marjorie. Rather, it states that Lucas "shall be responsible for providing any academic tutoring or other services needed by Marjorie during the summer." At the hearing, after discussing the possibility that Marjorie would need summer school or tutoring in the future, the following exchange occurred:
* * *
Magistrate: Okay. Well, why don't we make Ms. Lucas responsible for [summer school] and make her responsible for making the arrangements and providing for that if it's going to be necessary.
Mr. Reese: It has to be a state certified teacher right?
[Mr. Reese's Counsel]: Right.
Magistrate: It will need to be someone who can fulfill the requirement of the recommendation.
Ms. Lucas: [The tutor Ms. Lucas had retained for Marjorie that summer] was state, he was state, uh, yeah.
* * *
 {¶ 10} Although the requirement that any tutor provided to Marjorie be state-certified was not specifically incorporated into the judgment entry, it does state that Lucas must provide "academic tutoring or other services needed by Marjorie during the summer." Obviously, if tutoring by a state-certified teacher is necessary for Marjorie to complete her course requirements, those would be the necessary services Lucas would be responsible for providing under the agreement. The court's refusal to add the term "state-certified" to the agreement is not unreasonable because the agreement can clearly be interpreted as requiring a state-certified tutor.
 {¶ 11} Second, Reese objects to the court's approval of the portion of the entry that allows Lucas access to "all records relating to health care and other records maintained for the parties [sic] minor child on equal terms and on the same conditions as all other parents. Either parent may request any record relating to the child, and the individual agency maintaining said record shall be required hereunder and by the statutes of the State of Ohio to provide copies of the records as they pertain to the parties [sic] minor child."
 {¶ 12} Reese concedes that he agreed to provide Lucas with access to Marjorie's school and medical records, but contends that he did not agree she could access all "other records." Specifically, Reese states that he is concerned about Lucas accessing psychological records maintained by Marjorie's counselor that describe difficulties between Marjorie and Lucas.
 {¶ 13} Psychological records are a type of medical record and, if maintained by a school counselor, they are also school records. Therefore, these records would be accessible to Lucas even under the language Reese sought to include in the agreement. Moreover, R.C. 3109.051(H) states:
(1) * * *, a parent of a child who is not the residential parent of the child is entitled to access, under the same terms and conditions under which access is provided to the residential parent, to any record that is related to the child and to which the residential parent of the child legally is provided access, unless the court determines that it would not be in the best interest of the child for the parent who is not the residential parent to have access to the records under those same terms and conditions. * * *
(2) * * *, the keeper of any record that is related to a particular child and to which the residential parent legally is provided access shall permit the parent of the child who is not the residential parent to have access to the record under the same terms and conditions under which access is provided to the residential parent, unless the residential parent has presented the keeper of the record with a copy of an order issued under division (H)(1) of this section that limits the terms and conditions under which the parent who is not the residential parent is to have access to records pertaining to the child and the order pertains to the record in question. * * * Therefore, Lucas is statutorily entitled to Marjorie's psychological records absent an affirmative finding by the court that it is not in Marjorie's best interest for Lucas to review these records. Reese never asked for and the court never made such finding. Consequently, even assuming the court erred in including the general language regarding access to all records rather than specific language as to medical and school records, such error is harmless.
 {¶ 14} We find no merit in Reese's sole assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[2] Reese was represented by different counsel at the time of the hearing and immediately thereafter.