PEACOCK, Appellee,

v.

MICRO ELECTRONICS, INC., Appellant, et al.

[Cite as *Peacock v. Micro Electronics, Inc.* (1992), 83 Ohio App.3d 142.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–598.

Decided Oct. 13, 1992.

*Schottenstein, Zox & Dunn, James E. Davidson* and *David A. Kadela,* for appellee.

*Benesch, Friedlander, Coplan & Aronoff, Joel H. Mirman* and *Rex A. Littrell,* for appellant.

---

McCormac, Judge.

Stephen P. Peacock, plaintiff-appellee, filed a complaint and amended complaint against Micro Electronics, Inc., defendant-appellant, and others, in the Franklin County Court of Common Pleas, alleging various claims arising out of Peacock's employment with Micro Electronics and the termination of that employment. Those claims included breach of an express contract to convey stock to plaintiff as part of his employment compensation, breach of an implied contract of employment, breach of an implied covenant of good faith and fair dealing, negligent infliction of emotional distress, promissory estoppel, fraud and fraudulent misrepresentation, negligent misrepresentation, and tortious interference with contractual relations. There was extended pretrial procedure that included the interlocutory dismissal of part of the claims. However, prior to trial, the parties entered into a general settlement agreement whereby it was agreed that defendant pay plaintiff a specified gross amount for dismissal with prejudice of all of the claims. The settlement agreement did not include an allocation of specific amounts of the settlement to particular claims for relief, although that issue is highly pertinent in regard to defendant's obligation to withhold and pay monies to the Internal Revenue Service and plaintiff's obligation to pay taxes on all or part of the settlement.

Defendant unilaterally considered the entire gross payment subject to withholding for tax purposes and offered to pay plaintiff the difference between the gross amount and the amount contemplated to be withheld and paid to the Internal Revenue Service, as well as state and local taxing authorities, for the benefit of plaintiff.

Plaintiff filed a motion in the trial court to enforce the parties' settlement agreement. As the result of that hearing, the trial court found that there was a valid settlement agreement and ordered enforcement of it, requiring that defendant remit to plaintiff the gross amount of the settlement without any withholding for tax purposes.

Defendant appeals, asserting the following assignments of error:

*"Assignment of Error No. 1:*

"The Trial Court Erred By Holding That, Where A Settlement Agreement Is Silent Regarding Withholding Of Applicable Federal, State And Local Taxes, The

Paying Party Must (1) Pay The Gross Settlement Amount Without Withholding Taxes Required By Law To Be Withheld Or (2) Pay An Amount In Excess Of The Agreed Settlement By Paying Required Withholdings In Addition To The Gross Settlement Amount.

"*Assignment of Error No. 2:*

"The Trial Court Erred In Holding That, Where A Settlement Agreement Is Silent Regarding Withholding Of Applicable Federal, State And Local Taxes, Taxes Withheld By The Paying Party As Required By Law May Not Be Credited As Payment In Satisfaction Of Said Settlement And May Be Recovered By The Payee Through Execution.

"*Assignment of Error No. 3:*

"The Trial Court's April 21, 1992 Journal Entry Orders Micro To Violate The Withholding Requirements Of The Internal Revenue Code And Therefore Is In Violation Of The Supremacy Clause Of The United States Constitution, Article VI, Clause 2."

The parties have agreed to certain matters that are relevant to the disposition of this appeal. The parties agree that defendant has an obligation to pay the gross total in settlement of the action and that it was not contemplated that any additional payments be made for plaintiff's benefit to taxing authorities. They further agree that they knowingly entered into a settlement for that amount without having reached any agreement as to how to allocate the amount to various claims, part of which may be subject to federal and local tax liability, and part of which may not be. Both parties further assert that they do not desire that the settlement be set aside as incomplete because of a lack of allocation of the gross payment to specific claims. The parties further agree that a state court cannot order defendant to violate Internal Revenue Service regulations.

The parties disagree as to how the gross amount is to be paid. Plaintiff says that defendant is required to pay plaintiff the entire gross amount and that if, as a result, defendant has problems with the Internal Revenue Service, that is because of the agreement. Defendant says that Internal Revenue Service regulations require it to consider the entire sum as taxable income for withholding purposes and that, even though the settlement agreement is silent regarding withholding, it has complied with the settlement agreement by paying the gross sum split between the payment to plaintiff and the amount paid to taxing authorities for plaintiff's benefit. Defendant asserts that, if the amount withheld is larger than required, plaintiff will be entitled to a refund from the taxing authorities with whom he will have to deal in any event. Plaintiff states that the agreement does not give defendant the right to unilaterally predetermine his tax liability and that, in effect, withholding as though the entire amount were subject

to tax leaves him with the burden of recovering money from the taxing authorities, something that was not intended by the settlement agreement.

■ We will honor the parties' desire not to set aside the entire settlement as incomplete because there was no agreement concerning allocation of the gross amount to various claims, some of which may be taxable and subject to required withholding by the defendant and some of which may not be taxable or subject to withholding.

■ Internal Revenue Service regulations do require withholding of part of the settlement agreement and payment to the Internal Revenue Service of the amount required rather than paying the entire amount to plaintiff without any withholding. For example, see Section 61(a), Title 26, U.S.Code, as interpreted by *Mitchell v. Commr.* (1990), 60 T.C.M. 1368, 1990 WL 192761. Treasury Regulation 31–3401(a)(1) through (a)(5) provide that remuneration may constitute wages even if the recipient is no longer an employee at the time payment is made. Thus, that plaintiff has been terminated and his claims for relief arose from an alleged wrongful termination do not exempt the employer from withholding of federal taxes. See Treasury Regulation 31–3401(a)(1) through (b)(4). Similar provisions may apply for withholding for state and city income taxes. See R.C. 5747.01(D) and Columbus City Code 361.16.

Federal, state and city of Columbus provisions also place the employer under a clear duty to withhold federal, state and city taxes, where applicable. See Section 3402(a), Title 26, U.S.Code; R.C. 5747.06(A); and Columbus City Code 361.24. Failure to withhold taxes, where required, potentially renders the employer subject to taxes and penalties.

The trial court's order represents a modification of the settlement agreement of the parties and, if implemented, either calls for defendant to violate relevant tax regulations concerning withholding or to make payments to the taxing authorities for plaintiff's benefit in addition to the gross amount of the settlement, a matter not contemplated by the parties. As previously stated, a state court's order, which is in violation of federal (and possibly state and local) tax regulations regarding withholding, is not valid and provides no protection to the party who complies with the order in violation of obligations owed under the tax code. On the other hand, plaintiff did not enter into the settlement agreement contemplating a unilateral determination of withholding amounts and requirements by defendant. While the Internal Revenue Service or other taxing authorities are not necessarily bound by the withholding determination that the entire amount of the settlement is taxable, it does place plaintiff in a different position from that contemplated when entering into the settlement agreement.

We will honor the parties' desire to preserve the gross settlement. In order, however, to accommodate the parties, it will be necessary that an allocation of the gross amount to various claims be entered into and a determination be made as to which amounts are subject, under federal, state and local tax laws, to withholding by the defendant. This allocation is clearly in the best interest of both parties. An allocation was discussed prior to the general settlement being arrived at without any agreement having been reached by the parties.

 The judgment of the trial court is affirmed so far as the trial court determined that the parties had entered into a binding settlement agreement. The judgment of the trial court ordering defendant to pay the gross amount to plaintiff without withholding of any taxes is reversed for the reasons previously explained. The parties are given thirty days after entry of this judgment to allocate the gross settlement sum to specific claims and to determine which sums are subject to federal, state and local withholding requirements. The final determination will be a distribution of the gross settlement amount by defendant to plaintiff, minus the amounts to be withheld by defendant and paid to the various taxing authorities for plaintiff's benefit. If the parties are able to reach an agreement within thirty days after entry of this judgment, that agreement shall be supplied to the trial court to be enforceable as part of the settlement. If no agreement is reached, the trial court is ordered to make the allocations, as stated above, after receiving input from the parties in the manner deemed appropriate by the trial court, and to revise the settlement agreement accordingly in its judgment entry. Defendant's assignments of error are sustained to the extent indicated herein. The costs of the appeal are divided equally between the parties.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded with instructions.*

BOWMAN and PETREE, JJ., concur.