DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Wells, appeals the entry of judgment against him in the Summit County Court of Common Pleas. The City of Cuyahoga Falls, appellee, cross-appeals. We reverse in part and affirm in part.
 I.
On July 25, 1995, Mr. Ronald Wells entered into a contract with the City of Cuyahoga Falls ("the City") whereby the City would transfer certain real property to Mr. Wells contingent on his redevelopment of the same property. The real property included a theater, several apartments, and a storefront. The contract specified what renovations and remodeling Mr. Wells was to complete and the time frame in which the work had to be completed. If Mr. Wells did not complete the remodeling and renovation within the specified time frame, the City was to, among other things, regain title to the real property.
The City determined that Mr. Wells had not completed the project within the specified time frame and filed a complaint in the Summit County Court of Common Pleas on December 12, 1997. The case proceeded to trial but, on the day the case was to be tried, the parties reached a settlement. The settlement agreement was read into the record on June 30, 1999. In short, the agreement gave Mr. Wells additional time to complete the contract. At the end of the time specified in the settlement agreement, the City determined that Mr. Wells had still not fulfilled his obligations under the contract. On January 6, 2000, the City filed a motion to enforce the settlement agreement. Mr. Wells responded in opposition on January 31, 2000. Also on January 31, 2000, the trial court held a hearing to determine if Mr. Wells had complied with the settlement agreement by completing the renovation and remodeling. The trial court found that Mr. Wells had not completed the renovation and restoration and that the City had not acted in bad faith. The trial court entered judgment in favor of the City on February 2, 2000. This appeal followed.
 II.
Mr. Wells asserts one assignment of error. Cross-appellant, the City, also asserts one assignment of error. We will address each in turn.
 A. Appellant's Assignment of Error THE COURT ERRED AS A MATTER OF LAW BY MODIFYING THE TERMS OF THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES AND THEN ENFORCING THE JUDICIALLY MODIFIED SETTLEMENT WITHOUT A PROPER EVIDENTIARY HEARING.
Mr. Wells asserts that the trial court erred in enforcing the settlement agreement because it modified the terms of the agreement. Mr. Wells further asserts that the trial court erred by not holding an evidentiary hearing on the terms of the agreement before entering judgment on the agreement. We disagree.
The question of whether the trial court erred by failing to hold an evidentiary hearing before entering an order enforcing a settlement agreement is a question of law to be reviewed de novo on appeal, rather than under the abuse of discretion standard. Aristech Chem. Corp. v.Carboline Co. (1993), 86 Ohio App.3d 251, 253-54.
If the terms of a settlement agreement were read into the record, but the settlement agreement was not reduced to judgment by the trial court and a dispute subsequently arises as to the terms of the agreement, "the trial judge should conduct an evidentiary hearing to resolve the parties' dispute about the existence of an agreement or the meaning of its terms as read into the record at the hearing, before reducing the matter to judgment." Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 377. Moreover, "a court may not force an agreement upon the parties. To do so would be to deny the parties' right to control the litigation, and to implicitly adopt * * * the interpretation of one party, rather than enter judgment based upon a mutual agreement." Id. In short "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Id. at syllabus. Moreover,
 [t]o constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear. "A court cannot enforce a contract unless it can determine what it is. It is not enough that the parties think that they have made a contract. They must have expressed their intentions in a manner that is capable of being understood. It is not even enough that they had actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are. Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract." (Footnote omitted) 1 Corbin on Contracts (Rev.Ed. 1993) 525, Section 4.1.
Id. at 376. However, where the terms of the contract are clear and there is no factual dispute as to the meaning of the terms of the agreement, "a court is not required to conduct an evidentiary hearing." Id. at 377.
Here, we conclude that the settlement agreement constituted a valid settlement agreement because its terms were clear and certain. Upon review of the agreement as read into the record, we cannot conclude that there was "`[v]agueness of expression, indefiniteness and uncertainty[.]'" (Citation omitted.) Id. at 376. Mr. Wells asserts that the trial court modified the settlement agreement by requiring new architectural plans and drawings, rather than the abbreviated project plans contemplated in the settlement agreement. However, upon review of the hearing at which the settlement agreement was read into the record, we find that the agreement was clear and the trial court clarified it further stating:
 THE COURT: Those [plans] will have to be architectural plans and schematics of all systems, plumbing, electrical, mechanical, and may include, if required by the state building code, sprinkling the building.
MR. WELLS: Yes.
THE COURT: Do you understand that, sir?
MR. WELLS: Yes.
Hence, as the settlement agreement cannot be characterized by ambiguity, we conclude that the trial court did not err in enforcing it as read into the record without holding an evidentiary hearing. Mr. Wells' assignment of error is overruled.
 B. Cross-Appellant's Assignment of Error THE COURT ERRED IN UNILATERALLY MODIFYING THE TERMS OF THE SETTLEMENT AGREEMENT IN ITS ENFORCEMENT ORDER OF FEBRUARY 2, 2000.
The City asserts that the trial court erred by unilaterally modifying the settlement agreement. We agree.
The settlement agreement as read into the record provided, in pertinent part:
 First, that Mr. Wells will be granted until January 1st of the year 2000 to complete all construction on the theater. And by construction, what I mean is all remodeling required by the contract, specifically Exhibit B to the contract. All the terms of the contract related to the presentation of plans and completion of construction according to those plans will continue to be in force and effect.
 If, on January 1st, 2000, Mr. Wells has not completed the theater as certified by the city engineer pursuant to the terms of the contract and pursuant to the plans that he would submit, then the City would — then the defendant, Mr. Wells, would consent to an order of the Court reverting title of the entire Falls Theater, including apartments, deli and barber shop, to the City.
 The City would then pay to Mr. Wells the following sums of money:
 $34,888.31, which represents costs of materials that Mr. Wells has already placed in the building.
 We would pay him $1,023.66 plus — let me rephrase that, Your Honor.
 There are two judgment liens outstanding. One from Nations Rent. The amount of the judgment is $1,023.66, plus ten percent interest which accrued from the 23rd day of September. We would pay that off, judgment lien, whatever value it would be on January 1st, 2000.
 The second judgment lien would — is that of Curtis 
Rasmussen in the sum of $6,947.27. We would pay off that judgment lien at whatever value it would be on January 1st, 2000.
 And there is also a property tax lien of $7,237.73. We would pay that off at whatever value it would be on January 1st, 2000.
 And we would also pay him $10,000 — I'm sorry, $10,028, which was the original purchase price of the Falls Theater that he paid to the City.
This all occurs if Mr. Wells is not completed with the theater.
* * *
The City asserts that the statement read into the record reflects that the parties agreed that the City was to pay off the lien held by Nation's Rent, while the trial court's judgment entry, enforcing the settlement agreement, ordered the lien amount to be paid to Mr. Wells. Further, the City avers that the agreement envisages that the City will pay liens in effect on the settlement agreement date and such interest as accrues on those liens up until January 1, 2000. However, the trial court's order, enforcing the settlement agreement, orders the City to pay liens that were perfected after the date of the settlement agreement and interest up until February 2, 2000. The City asserts that it was prejudiced by the above-enumerated modifications to the parties' agreement. A trial court may not unilaterally modify the clear and unambiguous terms of a settlement contract entered into by the parties. See, e.g., Peacock v.Micro Electronics, Inc. (1992), 83 Ohio App.3d 142, 145. Upon review of the settlement agreement, we conclude that the trial court improperly modified the terms of the settlement contract. Accordingly, the City's assignment of error is sustained.
 III.
The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR