## HILER *v.* HILER.

*Domestic relations — Action for alimony and custody of children — Cross-petition for divorce — Decree for alimony and custody — Supplemental petition for increased alimony and divorce — Amendment for divorce void — Alimony and custody jurisdiction continuing — Harmless error.*

In an action in Ohio brought by a wife against her husband for alimony and custody of children, in which the husband filed a cross-petition for divorce, the wife was granted the custody of the children and alimony in a yearly sum, payable in installments. Thereupon the wife and children moved to a foreign state where they resided, and the husband remained in Ohio. Subsequently by leave of court the wife filed a supplemental petition in the original case in which she asked for an increase in alimony and a divorce, to which petition the husband demurred and answered. The court heard the case on its merits, refused plaintiff a divorce, but increased the amount of alimony. *Held:*

1. The court erred in allowing the action for divorce in the original case by supplemental petition, as it was a new and different cause of action.

2. The wife cannot be heard to complain of error in considering the application for divorce in the supplemental petition, as the case was heard on its merits; neither can the husband complain, as the finding was in his favor.

3. The court had continuing jurisdiction only as to the custody of the children and the question of alimony.

(Decided May 23, 1921.)

ERROR: Court of Appeals for Butler county.

*Messrs. Andrews & Andrews,* for plaintiff in error.

*Mr. W. C. Shepherd* and *Mr. M. O. Burns,* for defendant in error.

HAMILTON, P. J. In 1912 present plaintiff in error, Gladys Hiler, brought an action in the court of common pleas of Butler county against her husband, Thurman G. Hiler, the defendant in error, for alimony and custody of the children, but did not ask for a divorce in that action. The husband filed an answer and cross-petition, praying for a divorce. The case was heard in 1914 and the wife was granted the custody of the children and alimony in the sum of $200 per year, payable in monthly installments. The wife, thereupon, with the children, went to live with her parents across the line in Indiana, while the husband lived with and worked for his parents in Butler county, Ohio. The parties continued to so live until July 29, 1919. Thereupon the wife by leave of court filed a supplemental petition in the original case, in which she asked for an increase of alimony and a divorce from her husband. The husband moved to strike the supplemental petition from the files, which was overruled,

then filed a demurrer, which was overruled, and thereupon filed an answer denying the facts set forth in the supplemental petition. The case was tried and the court refused plaintiff a divorce, refused to modify an agreement in regard to visitation of the children, and increased the allowance to $30 per month.

Three questions are discussed in the briefs of counsel of both plaintiff in error and defendant in error.

First: The plaintiff's residence.

Second: The right to file the supplemental petition, and the consideration of the court thereon as to the question of divorce.

Third: The weight of the evidence.

The record discloses that the court heard the case on the merits on all the points presented by the pleadings, refusing the plaintiff the divorce, refusing to change the order with reference to the custody of the children, but granting a small increase of alimony.

If the court was in error in considering the application of plaintiff in error for divorce on the supplemental petition, the wife cannot be heard to complain, as for aught that appears from the record the court heard the case on the merits; neither can the defendant in error complain, for the reason that he suffered no harm, as the finding of the court was in his favor. While the plaintiff in error, in the brief, states that the court's refusal to grant the divorce was predicated *largely* upon the question of residence, this is not disclosed by the record. Moreover, the setting up of the action for divorce in the

original case by supplemental petition was improper, for the reason that it was a new and different cause of action, which cannot be raised either by amended or supplemental petition after decree. Sections 11363 and 11368, General Code; *Bullock* v. *Kilgour*, 39 Ohio St., 543, and *Kilgour* v. *Pendleton St. Ry. Co.*, 8 Bull., 23.

The jurisdiction of the court under the original action continued only for the purposes of the custody of the children and the alimony question. The most that can be said for the supplemental petition is that it is an application for modification of the original decree for alimony and custody of the children. The court had jurisdiction under this pleading to hear and determine that question.

· The court modified the former decree, increasing the alimony from $200 to $360 per year, and we do not find that this modification was manifestly against the weight of the evidence.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.