### THOMPSON v THOMPSON

Ohio Appeals, 1st Dist, Hamilton Co

No 3897. Decided July 13, 1931

Charles H. Elston, Cincinnati, for plaintiff in error.

Joseph H. Woeste, Cincinnati, for defendant in error.

**HAMILTON, J.**

The main grounds of error stressed are the overruling of the motion for a new trial and error in permitting the filing of the amended petition and the proceeding thereunder.

The trial court committed error in permitting the amended petition to be filed as it changed the action from one for alimony to an action for divorce and alimony. See case of **Hiler v Hiler, 14 Oh Ap, 174.**

It is argued by defendant in error in the brief that the Hiler case is not decisive, for the reason that in the Hiler case the amendment was after decree, while in this case the amendment was before decree. This is immaterial. The cause of action was changed, and this cannot be done by amendment. §11363, GC.

It is next suggested that the case could be considered upon the amended petition as an original petition, since personal service was had on the defendant and all the original allegations were incorporated therein. That the mere designation "Amended Petition" should not prevent the consideration of the pleading as an original petition.

We are of opinion that this might be done and had the case been tried on the amended petition as an original petition no prejudice would have resulted. But according to the record, there has never been a trial upon the amended petition. The trial was had on the original petition. Thirty-six days later, no decree having been rendered, at the suggestion of the court, the amended petition was filed. Some months later, without further hearing, a decree was placed of record. We have, therefore, a decree entered in one law suit based presumably upon the evidence adduced in another law suit.

For error in overruling the motion for a new trial and in granting leave to file an amended petition and proceeding thereunder, the judgment of the Court of Common Pleas is reversed, and the cause is remanded for a new trial and further proceedings.

ROSS, PJ, and CUSHING, J, concur.