HOLLAND, APPELLEE, *v.* HOLLAND, APPELLANT.

(No. 9883—Decided December 22, 1970.)

*Mr. Harry Lewis,* for appellee.

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman,* for appellant.

WHITESIDE, J. This is an appeal upon questions of law from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a di-

vorce to the plaintiff, appellee herein, and awarding alimony to plaintiff both by division of property and periodic. payments.

The defendant, appellant herein, submits two assignments of error as follows:

"1. The trial court erred in permitting the plaintiff to convert a cause of action for alimony only into a cause of action for divorce and alimony by amendment of her petition.

"2. The trial court erred in journalizing the decree of divorce on May 20, 1970, without affording the defendant a hearing when the plaintiff and defendant were not in agreement on the contents of the decree journalized."

With regard to the first assignment of error, it appears that plaintiff originally, on February 18, 1969, filed a petition for alimony only. Defendant filed an answer thereto on or about August 14, 1969. By entry of October 30, 1969, plaintiff was granted leave to file an amended petition seeking a divorce. The amended petition seeking a divorce and alimony was duly filed on October 30, 1969.

The first attempt to obtain service upon defendant upon the amended petition was unsuccessful. An alias summons was issued and defendant was served upon the amended petition on December 2, 1969. Defendant filed an answer to the amended petition on January 16, 1970. Essentially, therefore, the first assignment of error is predicated upon a contention that it is prejudicial error to permit an amendment to a petition to be filed changing an action from one for alimony only to one for divorce and alimony even when such amended petition is filed before trial and defendant is served with notice thereof and files an answer thereto.

Defendant relies upon the cases of *Hiler* v. *Hiler,* 14 Ohio App. 174 and *Thompson* v. *Thompson,* 42 Ohio App. 164. In the *Hiler* case the amendment was made after the decree rather than before trial. In the *Thompson* case the amendment was made after trial but before decree. At page 166 in the *Thompson* case the court therein distinguished the instant situation as follows:

"It is next suggested that the case could be considered upon the amended petition as an original petition, since personal service was had on the defendant and all the original allegations were incorporated therein; that the mere designation 'Amended Petition' should not prevent the consideration of the pleading as an original petition.

"We are of opinion that this might be done, and, had the case been tried on the amended petition as an original petition, no prejudice would have resulted. But according to the record, there has never been a trial upon the amended petition. The trial was had on the original petition. Thirty-six days later, no decree having been rendered, at the suggestion of the court the amended petition was filed. Some months later, without further hearing, a decree was placed of record. We have, therefore, a decree entered in one lawsuit based presumably upon the evidence adduced in another lawsuit."

In this case, the trial was upon the amended petition. Furthermore, the defendant did not object to the filing of the amended petition or to the granting of leave to file same, but merely filed a general denial thereto. Defendant raises this question for the first time on appeal. This court finds that there was no prejudicial error on the part of the trial court in permitting the amended petition to be filed changing the action from one for alimony only to one for divorce and alimony and proceeding to trial upon the amended petition. Therefore, the first assignment of error is not well taken.

With regard to the second assignment of error, it appears that a conference was held between the court, the parties, and their attorneys prior to trial at which conference an agreement was reached with regard to a division of property and alimony. The defendant now contends that his understanding of this agreement differs from that of the court and the plaintiff.

From the record of the hearing upon the motion for new trial, it appears that following the conference, a trial was held upon the merits of the amended petition at which the plaintiff presented evidence but at which the defendant

did not appear at all. Apparently no court reporter was present at this hearing upon the merits, and, in any event, there is no bill of exceptions before this court with regard to the trial on the merits.

Subsequently, a journal entry was duly filed without approval of counsel for defendant, but with a notation that it had been submitted to counsel for defendant for approval but had not been approved. It appears that the basic difference between the "understanding" of defendant and of the court and plaintiff was whether or not the alimony payments were to continue for a period of only five years or were to be lifetime alimony ceasing only upon remarriage of the plaintiff.

There is also in the bill of exceptions a transcript of proceedings on March 18, 1970, which appears to be the conclusion of the conference during which the court reviewed the settlement agreed to by the parties and the parties specifically agreed to the terms as set forth by the court. There is no indication whatsoever therein that the alimony payments were to continue only for a period of five years.

The trial court found that the journal entry correctly reflected the agreement of the parties regarding property settlement and alimony payments made before the court. This agreement was adopted by the court and made a part of the judgment of the court.

A distinction may be made between extra-judicial settlements and a settlement made in court. Defendant contends that in both instances such agreement can be evidenced only by a judgment entry signed by counsel for all parties. In this case, the settlement was made before the court and the court adopted the settlement as its judgment as to division of property and alimony. Under such circumstances, there was no need for any writing signed by defendant or his attorney to evidence the terms and conditions of the settlement. This is especially true, where, as here, the agreement was read into the record.

It would appear from the bill of exceptions that the judgment entry correctly reflected that to which the parties

agreed. Defendant contends that the judgment entry does not reflect what he thought he was agreeing to. If there were a mistake as to the terms of the agreement, it was a unilateral mistake on the part of the defendant. He agreed to the settlement as outlined by the trial court which did not include the additional limitation he contends was included.

There is no indication in the record of either error or abuse of discretion on the part of the trial court with respect to the manner in which the hearings and trial were conducted or with respect to the manner in which the judgment entry was signed and filed.

Accordingly, the judgment of the Court of Common Pleas, Division of Domestic Relations, is affirmed.

Subsequent to the hearings upon the merits, the plaintiff filed a motion with the court seeking an order granting her reasonable attorneys fees for the services of counsel in the defense of this appeal. While pursuant to R. C. 3105.14 and Civil Rule 75 this court may, in its discretion, have jurisdiction to grant such fees as expense money pending an appeal, the motion will be overruled since the order appealed from granted plaintiff both expense money and periodic alimony payments. That order has remained in effect whether or not it has been complied with by defendant. If plaintiff be entitled to expense money in addition to that previously awarded by the trial court, such question could best be determined by that court.

*Judgment affirmed.*

Troop, P. J., and Strausbaugh, J., concur.