OPINION
Defendant-appellant, Michael Anthony Castro, appeals from a judgment entered in the Mahoning County Court of Common Pleas, Domestic Relations Division, granting the parties a divorce and incorporating a separation agreement between appellant and plaintiff-appellee, Lori Ann Castro.
The parties were married on September 11, 1993. Two children were born as issue of the marriage: Nicholas Vincent (D.O.B. 06/26/94) and Zachary Michael (D.O.B. 02/24/98). Appellee filed for divorce on August 27, 1998. A hearing was held on June 7, 1999 at which the parties entered into an agreement on the record. Thereafter, appellant refused to sign the judgment entry and subsequently filed this appeal.
Appellant asserts two assignments of error the first of which states:
 "THE TRIAL JUDGE ABUSED HER DISCRETION IN FINDING THAT THE PARTIES STIPULATED TO TERMS AND CONDITIONS IN A SEPARATION AGREEMENT WHERE THE TRANSCRIPT CLEARLY EVIDENCES THAT THERE WAS NO MEETING OF MINDS, THAT THE WRITTEN AGREEMENT WAS NOT SIGNED BY APPELLANT, THAT THE AGREEMENT WAS UNFAIR AND, THAT IN THE INTEREST OF JUSTICE IT SHOULD NOT BE ENFORCED."
Appellant argues that the trial court abused its discretion by accepting a separation agreement which was not fair and equitable and which was not signed by both of the parties. He points out that the trial court questioned several of the agreement's provisions. He claims that the court failed to exercise its discretion and merely rubber-stamped the agreement.
Appellant specifically contests the calculation of child support. The parties stipulated that appellant earned $70,000 per year and that appellee had no income and none was to be imputed to her. Appellant argues that procedure was contrary to R.C. 3113.215. He asserts that neither party presented any documentation to support these figures and the court failed to independently consider the matter, including whether he could actually pay the sums required of him in the agreement.
Appellant next contends that he was confused about the outstanding uninsured medical bills which the agreement states for which he has responsibility. Appellant also claims that the court should not have allowed the parties to agree that there would be no tax ramifications resulting from the spousal support.
At the outset, we note that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
A decision to enforce a separation agreement is discretionary and will not be reversed on appeal absent an abuse of discretion. Schneider v.Schneider (1996), 110 Ohio App.3d 487, 491. Abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Courts have the authority to adopt separation agreements voluntarily entered into by the parties. R.C. 3105.10(B)(2). In Holland v. Holland (1970), 25 Ohio App.2d 98, paragraph two of the syllabus, the court held:
 "An in-court agreement of the parties concerning division of property and alimony adopted by the court as its judgment thereon is enforceable by the court and may be incorporated into the judgment entry even in the absence of an agreement in writing, or an approval of the judgment entry signed by a party or his attorney."
The court elaborated on its holding by stating that this was especially true when the agreement was read into the record. Id. at 101.
Furthermore, the Ohio Supreme Court has held that when parties voluntarily enter into an oral settlement agreement in court, the agreement is a binding contract. Spercel v. Sterling Industries (1972),31 Ohio St.2d 36. The court stated:
 "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force." Id. at 40
Also, the Eighth Appellate District stated in a similar case that the trial court is under no duty to assess whether the terms of the settlement were equitable. Flash v. Flash (Apr. 9, 1998), Cuyahoga App. No. 72319, unreported, 1998 WL 166151 at *5.
In the case sub judice, the transcript clearly demonstrates that appellant understood all of the settlement terms and that he entered into the agreement voluntarily. After all of the terms were agreed to on the record the following dialogue took place:
 "THE COURT:Mr. Castro, do you understand this Court is going to hold you to this agreement?
"MR. CASTRO: Yes, Your Honor.
 "THE COURT: Do you understand regardless if you lose your income, if you go on disability, if you file a bankruptcy, or whatever, you are going to be held to the standards of this agreement?
"MR. CASTRO: I understand that, Your Honor.
"* * *
 "THE COURT: Can the two of you walk out of the back doors today feeling satisfied that you can live with this specific agreement day in and day out and that you can feel you had a fair day in court even though I didn't make a decision, Mrs. Castro?
"MRS. CASTRO: Yes.
"THE COURT: Mr. Castro?
"MR. CASTRO: Yes.
 "THE COURT: You understand that you obligated yourself to things that the law does not provide? Mr. Castro, do you understand that?
"MR. CASTRO: Yes, I do.
"* * *
 "THE COURT: Mr. Castro, are you satisfied with Attorney Payer's representation?
"MR. CASTRO: Yes, I am.
"* * *
 "THE COURT: Mr. Castro, do you understand all the terms and conditions of this agreement?
"MR. CASTRO: Yes, I do, Your Honor.
"* * *
 "THE COURT: Do you feel pushed by me to entering into this agreement, Mr. Castro?
"MR. CASTRO: Not at all.
 "THE COURT: Are you voluntarily entering this agreement?
"MR. CASTRO: Voluntarily.
"* * *
 "THE COURT: Do you understand when you sign the court reporter's notes you can't get out of this agreement, Mr. Castro?
"MR. CASTRO: Yes, Your Honor.
"* * *
 "THE COURT: Then sign the court reporter's notes. I will accept your agreement.
 "(WHEREUPON, the parties signed the court reporter's notes.)" (Tr. 66-71).
Given the fact that appellant voluntarily entered into the agreement on the record, it was within the court's discretion to adopt the agreement into its judgment entry. There was no need for appellant to sign a written agreement in order for it to become binding upon him. Holland,supra. Accordingly, appellant's first assignment of error lacks merit.
In his second assignment of error appellant states:
 "AN ATTORNEY HAS NO IMPLIED OR APPARENT AUTHORITY SOLELY BY VIRTUE OF BEING PAID TO COMPROMISE AND SETTLE HIS CLIENT'S CLAIM OR CAUSE OF ACTION."
Appellant claims that his attorney provided ineffective assistance by failing to present proper evidence to the trial court, failing to effectively negotiate the terms of the agreement, and failing to obtain his consent. He contends that his lawyer was not present during negotiations. Appellant also claims that he lacked understanding of many of the provisions of the agreement. He claims that he suffered a deprivation of property at the hands of his counsel.
It has been held that a complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case where the attorney was employed by a civil litigant. Rothv. Roth (1989), 65 Ohio App.3d 768, 776.
Since we cannot reverse the trial court's judgment based upon appellant's complaint of ineffective assistance of counsel, the merits of appellant's second assignment of error need not be addressed. His second assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
 _________________________ DONOFRIO, J.
Cox, J., concurs
Vukovich, J., concurs