OPINION
{¶ 1} Appellant, Beverly Gartland, appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division.
{¶ 2} The parties to this dispute were married on August 14, 1965. Three children were born as issue of this marriage; to wit: Dennis, born on May 13, 1974; Jason, born on January 19, 1979; and, Lindsay, born on September 26, 1980.
{¶ 3} In May 1990, the parties filed an action for dissolution of marriage with an attached separation agreement. Subsequently, the parties elected not to proceed with the dissolution, and the case was dismissed without prejudice.
{¶ 4} On October 10, 1990, appellant filed a complaint for divorce. On October 16, 1990, appellee, Dennis J. Gartland, filed his answer and a counterclaim for divorce. Appellant filed her answer to appellee's counterclaim on November 1, 1990. Neither party attached a copy of the original separation agreement to their pleadings, nor asked the court to approve it. The divorce was bifurcated with the final decree of divorce being granted on February 3, 1992 and by agreement the property terms of the division of assets was continued.
{¶ 5} On April 13, 1993, appellee submitted the separation agreement to the court and moved that it be approved and incorporated into the divorce decree.
{¶ 6} After a number of hearings, the referee filed his findings of fact regarding the division of the parties' assets. On November 17, 1993, the trial court ordered the parties' separation agreement into execution, as of November 1, 1993, to the extent that it was not inconsistent with the court's orders set forth in the judgment entry. Pursuant to the terms of the separation agreement, a financial account, known as the Resources Trust Company Accrued Mortgage INV 86 or "RAM 86," was awarded to appellant. According to the separation agreement, "[t]his account had a value of $25,584.66 as of December 31, 1989." Appellee was ordered to execute any documents necessary to transfer the account to appellant.
{¶ 7} The RAM-86 account was an IRA comprised of 81 units/shares of Resources Accrued Mortgage INV Series-86, the value of which has greatly fluctuated over time.
{¶ 8} On March 2, 1999, appellant filed a motion for post-decree relief, seeking a transfer of the RAM-86 account and a modification of child support. The trial court held hearings on appellant's motion for post-decree relief on November 3, 2000 and January 8, 2001. On April 30, 2001, the magistrate filed his decision, finding that the evidence presented demonstrated that, as of June 30, 1993, the RAM-86 account was worth $5,761.53.
{¶ 9} On May 11, 2001, appellant filed objections to the magistrate's decision. On April 30, 2001, the trial court approved the decision of the magistrate. On May 23, 2001, the trial court overruled appellant's objections to the magistrate's decision and ordered that appellee pay appellant: $5,761.53 plus ten percent interest, regarding the RAM-86 account, and $793.33 plus poundage and unreimbursed medical expenses in the amount of $1,140.96. From this decision, appellant raises the following assignments of error:
 {¶ 10} "[1.] The trial court erred in its decision to award the plaintiff-appellant only $5,761.53 as the value of the [RAM] account in that it was against the manifest weight of the evidence presented.
 {¶ 11} "[2.] The trial court erred in awarding the plaintiff-appellant child support for a period of five (5) months when evidence clearly demonstrated that the defendant-appellee wrongfully testified to his health care costs in the calculation of the child support."
{¶ 12} In appellant's first assignment of error, she argues that appellee was obligated to transfer the RAM-86 account on May 10, 1990, the date the parties signed the separation agreement. Therefore, she argues, she is entitled to $25,584.66, the 1989 value of the RAM-86, as stated in the 1990 separation agreement, and not $5,761.53, the account's value in 1993, the year that the court ordered the separation agreement into execution.
{¶ 13} Alternatively, appellant argues that, in addition to the $5,761.53, the court should have awarded her the amounts of $934.67 and $1,600, which were withdrawn by appellee on April 3, 1998, and December 3, 1998 respectively, and the sum of $525 for fees assessed to the account.
{¶ 14} Appellee did not file a brief in response.
{¶ 15} Prior to incorporation by the court, a separation agreement is a contract between the parties. See Wolfe v. Wolfe (1976),46 Ohio St.2d 399, paragraph four of the syllabus. Therefore, until a separation agreement has been presented to and approved by a court, the proper method of enforcement is an action based on a breach of contract. The record is devoid of any breach of contract action instituted by appellant. Thus, appellant has waived any cause of action based on breach of contract, with regard to the agreement between the parties prior to its incorporation by the trial court.
{¶ 16} Next, we will examine the enforceability of the separation agreement after the trial court's incorporation of it into its judgment. Under R.C. 3105.10(B)(2), the court of common pleas may enforce a separation agreement that was voluntarily entered into by the parties, upon the motion of either party, if it determines that enforcement would be in the interests of justice and equity. Once a separation agreement is incorporated into a judgment entry, it is enforceable as a judgment. See e.g., Holland v. Holland (1970), 25 Ohio App.2d 98. As noted supra, the separation agreement was ordered into execution in November 1993, and therefore, was enforceable as a judgment in November 1993, not May 1990. Accordingly, the trial court did not err in valuing the RAM-86 account based upon its worth in the year that the separation agreement was enforceable as a judgment, rather than the year that the parties executed the agreement.
{¶ 17} Further, when a separation agreement has been incorporated into a divorce decree, the primary principle of contract construction is to effectuate the intent of the parties and the normal rules of contract construction apply. Collette v. Collette (Aug. 29, 2001), 9th Dist. No, 20423, 2001 Ohio App. LEXIS 3823, at *5-6. A court's interpretation of a separation agreement is reviewed under an abuse of discretion standard. Id., citing Keeley v. Keeley (July 21, 1997), 12th Dist. No. CA97-02-013, 1997 Ohio App. LEXIS 3139, at *3. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 18} Based on the plain language of the separation agreement, we conclude that the parties intended for appellant to receive the RAM-86 account, not the sum of $25,584.66, which was the stated value of the account in 1989, not the account's value on the date that the agreement was signed. The values of these types of accounts fluctuate, as demonstrated by the evidence presented. The trial court's determination that the RAM-86 was worth $5,761.53, as of June 30, 1993, was based on evidence presented. Therefore, we cannot conclude that the trial court abused its discretion in determining that appellee owed appellant $5761.53 on the RAM-86 account, rather than relying on the 1989 value stated in the separation agreement.
{¶ 19} In appellant's alternative argument, she argues that in addition to the $5,761.53 that she was awarded, she is entitled to the amount appellant withdrew in 1998 and the amount of fees assessed to the account. Because the court determined that appellee was entitled to the amount that the RAM-86 was worth as of June 30 1993, appellant's subsequent withdrawals from the account and any fees assessed, either before or after that date, are irrelevant.
{¶ 20} Appellant's first assignment of error is without merit.
{¶ 21} In appellant's second assignment of error, she contends that the trial court erred in failing to grant her motion for a retroactive modification of support for May 1998 through October 1998. Further, she contends that the trial court abused its discretion by failing to state its reasons for denying her motion for retroactive modification of child support.
{¶ 22} The determination of whether to make a modification retroactive is a matter within the sound discretion of the domestic relations court and cannot be reversed unless the trial court abuses its discretion. Murphy v. Murphy (1984), 13 Ohio App.3d 388, 389. Upon review of the record, we conclude that the trial court failed to consider appellant's motion for retroactive modification of child support. The trial court's failure to address appellant's request for a retroactive modification of child support constitutes an abuse of discretion. Accordingly, appellant's second assignment of error has merit.
{¶ 23} The judgment of the Trumbull County Court of Common Pleas is affirmed in part and reversed and remanded in part for the trial court to address the issue raised in appellant's second assignment of error.
WILLIAM M. O'NEILL, P.J., concurs, JUDITH A. CHRISTLEY, J., dissents with Dissenting Opinion.