DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following the January 28, 2002 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted plaintiff-appellee Marquitta C.'s motion to vacate judgment. Defendant-appellant, Anthony S., raises the following assignment of error:
 {¶ 2} "The trial court abused its discretion, erred as a matter of law, and found against the manifest weight of the evidence in its decision vacating the judgment entry filed on December 7, 1999, and scheduling a parentage trial."
 {¶ 3} The following facts are relevant to our determination. On June 15, 1993, appellee filed a parentage complaint alleging that appellant was the father of Leila C., born September 11, 1991. On April 12, 1994, following genetic testing, appellant admitted to paternity. This admission was journalized in the trial court's May 19, 1994 judgment entry which included a child support order. Thereafter, appellant filed several motions for court orders entitling him to visitation. A guardian ad litem was appointed March 27, 1998.
 {¶ 4} On June 1, 1999, appellant filed a motion to show cause, for make-up visitation, for guardian ad litem's report, and for attorney fees and costs. On July 29, 1999, a hearing on the motion was held before a magistrate. Following the hearing, the magistrate issued an interim order indicating that the parties had been represented by counsel. The order also indicated that a journal entry was to be prepared by appellant's counsel.
 {¶ 5} On December 7, 1999, the trial court filed the judgment entry, prepared by appellant's attorney, which indicated that the parties had settled the matter. The judgment entry incorporated by reference an attached shared parenting plan. Neither the judgment entry nor the shared parenting plan were signed by appellee.
 {¶ 6} Appellant, on July 11, 2000, again filed a motion to show cause, for makeup visitation, for guardian ad litem report, and for attorney fees and court costs. On August 11, 2000, the matter was continued for appellee to be appointed counsel prior to a hearing. Appellee was appointed counsel on March 13, 2001.
 {¶ 7} On April 16, 2001, appellee filed a motion for the transcript of the July 29, 1999 hearing. Thereafter, appellee filed a Civ.R. 60(B) motion to vacate the December 7, 1999 judgment. In her motion, appellee argued that at the July 29, 1999 hearing she was not represented by her "regular counsel"; that neither she nor her counsel approved, agreed to, or signed the shared parenting agreement; and that the court reporter could find no recording of the July 29, 1999 hearing.
 {¶ 8} At the November 19, 2001 hearing on the motion to vacate, appellee testified in support of her motion that she was not represented by counsel at the July 29, 1999 hearing. Appellee stated that she had not agreed to shared parenting and that it was not discussed at the hearing. Appellee further testified that a copy of the shared parenting plan was sent to her and she refused to sign it.
 {¶ 9} During cross-examination, appellee acknowledged that from January 2000, when she received the December 7, 1999 judgment entry, through January 2001, she did nothing to set aside the judgment. Appellee indicated that it took awhile for the court to appoint her an attorney.
 {¶ 10} Conversely, appellant testified that the shared parenting plan was, in fact, discussed at the hearing and that appellee agreed to it at that time. During cross-examination, appellant did acknowledge that appellee refused to comply with the terms of the shared parenting plan because appellee believed that she never entered into such an agreement.
 {¶ 11} At the conclusion of the testimony, the trial court questioned the parties as to whether the parties had, in fact, consented to the shared parenting plan and, if not, whether the judgment was a nullity and Civ.R. 60(B) would not apply. On January 28, 2002, without a written opinion, the trial court granted appellee's motion and set the matter for a parentage trial. This appeal followed.
 {¶ 12} At the outset we note that appellee did not file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably supports such action.
 {¶ 13} In his sole assignment of error, appellant asserts that appellee failed to demonstrate entitlement to relief under Civ.R. 60(B) grounds. Appellant further contends that the trial court erroneously vacated what appellee termed a "final judgment" and set the matter for a parentage trial.
 {¶ 14} It is well-established that a trial court had broad discretion in determining issues relating to child custody. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 421. Thus, we will not reverse a trial court's judgment in custody matters absent a finding of an abuse of discretion.[1] Id. at 418. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219.
 {¶ 15} The dispute before us centers on the validity of an alleged settlement agreement, in the form of a shared parenting plan, entered into at the July 29, 1999 hearing. In Ohio, a voluntary oral settlement agreement made in the presence of the court is equal to a binding contract. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. An in-court agreement "may be incorporated into the judgment entry even in the absence of an agreement in writing, or an approval of the judgment entry signed by a party or his attorney."Holland v. Holland (1970), 25 Ohio App.2d 98, 98.
 {¶ 16} However, if there is a dispute as to the existence of a settlement agreement, a trial court should hold an evidentiary hearing to determine the intent of the parties. Rulli v. Fan Co. (1997),79 Ohio St.3d 374, syllabus. If the court finds that the parties intended to be bound, it should not frustrate this intention. Litsinger Sign Co.v. American Sign Co. (1967), 11 Ohio St.2d 1, 14.
 {¶ 17} As set forth above, at the hearing on the motion, appellee disputed that she ever agreed to the shared parenting plan. Appellant stated otherwise. Neither appellee nor her attorney signed the judgment entry or the shared parenting plan. Absent a transcript of the July 29, 1999 hearing, the only other indication of an agreement is set forth in the magistrate's August 9, 1999 interim order which indicated that appellant's attorney was to prepare the journal entry.
 {¶ 18} While we do not disagree with appellant's argument that appellee failed to conform to the technical requirements under Civ.R. 60(B), we find that the record lacks evidence of a meeting of the minds as to the shared parenting plan. Though not set forth in its January 28, 2002 judgment granting the motion, we find that the trial court's concerns as to whether the parties actually consented to the shared parenting plan and, if not, whether the plan was a nullity were well-founded. Thus, we cannot say that the trial court abused its discretion in granting the motion.
 {¶ 19} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] A trial court's determination of a Civ.R. 60(B) motion is also reviewed under the abuse of discretion standard. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77.