[Cite as *J.B. v. E.B.*, 2022-Ohio-3229.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

J.B.,                                              :

      Plaintiff-Appellant,          :

                               No. 111018

      v.                                   :

E.B.,                                              :

      Defendant-Appellee.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-380851

---

### *Appearances:*

Joseph F. Salzgeber, *for appellant.*

Mills, Mills, Fiely & Lucas, LLC, Laura L. Mills, and Pierce
C. Walker, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, J.B. ("J.B." or "Wife"), appeals the trial court's judgment entry issuing a divorce between J.B. and defendant-appellee, E.B. ("E.B." or "Husband"). At issue is the parties' settlement agreement and shared parenting plan. For the reasons set forth below, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2}   J.B. and E.B. were married in November 1998 and had three children born as issue of the marriage (E.S.B. d.o.b. 7/30/01, S.B. d.o.b. 7/17/03, and Y.B. d.o.b. 9/7/05).  In March 2020, J.B. filed for divorce from E.B.  E.B. answered and filed a counterclaim for divorce.  The matter proceeded to a final hearing in September 2021.  Both E.B. and J.B. were present with their respective attorneys.  The children's guardian ad litem ("GAL") was also present at the hearing.  The parties negotiated a settlement agreement and shared parenting plan ("Agreement").  E.B.'s counsel read the terms of the Agreement into the record.  The relevant portions are as follows:

> [COURT]:  It is my understanding that a settlement has been reached in this matter?
>
> [HUSBAND'S ATTORNEY]:  Yes, Your Honor.
>
> [WIFE'S ATTORNEY]:  Yes.
>
> [COURT]:  Would you like to read an agreement into the record and question your clients, please?
>
> * * *
>
> [WIFE'S ATTORNEY]:  Have you entered into an agreement with the advice of counsel to completely separate the assets of the marriage — assets and liabilities of the marriage as well as the parenting issues?
>
> [WIFE]:  Yes, you explained an agreement to me in the hallway.
>
> [WIFE'S ATTORNEY]:  Now, is that the agreement that was just read into the record?
>
> [WIFE]:  Without seeing it on paper, to the best of what I could hear.

[WIFE'S ATTORNEY]:  So yes.  Do you wish this Court to grant you a divorce today?

[WIFE]:  Very much so.

[WIFE'S ATTORNEY]:  And is there a former name that you wish to be restored to?

[WIFE]:  I may take my family name.

[WIFE'S ATTORNEY]:  What is that name?

[WIFE]:  I may take the name — I haven't decided.[1]

* * *

[WIFE]:  I want also added on there that I have 30 days to choose for my name to be changed.

* * *

[HUSBAND'S ATTORNEY]:  I just have a couple questions.

* * *

[HUSBAND'S ATTORNEY]:  [J.B.], are you on any type of medication * * * that would influence you entering into this agreement?

[WIFE]:  I am not on any medication ever.

[HUSBAND'S ATTORNEY]:  And you obviously heard me read everything into the record, correct?

[WIFE]:  I heard most of it, but without seeing it, I want to see it on paper.

[HUSBAND'S ATTORNEY]:  Okay.  Well today we're creating a transcript of our agreement which will be enforced should you want to change anything.  So this is the point in time that if you did not hear anything and you would like me to reread it into the record I am happy to do so.  But we are not leaving here with any ambiguity, so is there a topic of discussion that you did not hear?

---

[1] Wife further testified that she was deciding between two surnames.

[WIFE]: I want to make sure that Simoni Realty and Schumacher Properties will not have anything to do with the home.

[HUSBAND'S ATTORNEY]: Schumacher doesn't have a realty company.

[WIFE]: You know what I'm saying, Schumacher contractors.

[HUSBAND'S ATTORNEY]: There will not be a Schumacher employee.

[WIFE]: Or Simoni Realty.

* * *

[HUSBAND'S ATTORNEY]: And you understand you've entered into a shared parenting agreement, correct?

[WIFE]: I haven't seen the shared parenting agreement, but it's my understanding from the attorney.

[HUSBAND'S ATTORNEY]: Okay.

* * *

[HUSBAND'S ATTORNEY]: If I could question my own client now, Your Honor.

[COURT]: Yes, please.

* * *

[HUSBAND'S ATTORNEY]: [E.B.] you heard us go through the agreement today, do you believe that the agreement that was read into the record is fair?

[HUSBAND]: Yes.

[HUSBAND'S ATTORNEY]: And equitable?

[HUSBAND]: Yes, I do.

[HUSBAND'S ATTORNEY]: Were you under any type of duress in entering into that agreement?

[HUSBAND]: I was not.

[HUSBAND'S ATTORNEY]: And you've also heard for your children, at least that' s under the jurisdiction of this court, both [S.B.] and [Y.B.], there will be a Shared Parenting Plan?

[HUSBAND]: Yes, I have.

* * *

[HUSBAND'S ATTORNEY]: Are you asking this agreement that was read into the record to be adopted, finalized into a Judgment Entry and presented to this Court to be your final decree?

[HUSBAND]: Yes, I do.

* * *

[GAL]: Can I question [Wife]?

[COURT]: Go ahead.

* * *

[GAL]: [Y]ou owe one half of my fees which is approximately $27,300?

[WIFE]: I was not explained to that, but I understand he has had more of your time than I have had.

[GAL]: Yes or no, ma'am, do you understand you owe 50 percent of that?

[WIFE]: Yes.

* * *

[COURT]: [Husband and Wife], you understand this is a final agreement, you cannot wake up tomorrow and have buyer's remorse. Do you understand? Answer audibly.

[HUSBAND]: Yes.

[WIFE]: Yes.

[COURT]: Do you believe you were adequately represented by counsel in th[ese] proceedings?

[HUSBAND]: Yes.

[WIFE]:  By this counsel, yes.

[COURT]:  Once again, it is greatly appreciated by this Court that you settled this matter.  And by the powers vested in me by the State of Ohio I hereby grant your divorce.

(Sept. 23, 2021, tr. 2, 10-15, 18-23.)

{¶ 3}  Thereafter, on October 18, 2021, the trial court approved a judgment entry adopting the Agreement and granting the parties a divorce ("Judgment Entry").  The Judgment Entry incorporated the terms that were read into the record at the September 23, 2021 hearing.  J.B. did not sign the Agreement that was included with the Judgment Entry.

{¶ 4}  It is from this order that J.B. appeals, raising the following single assignment of error for review.

> **Assignment of Error One:**  The trial court abused its discretion by adopting the settlement agreement and shared parenting plan without conducting a hearing to adjudicate disputes, where (1) there was fraud, duress, overreaching, undue influence and/or factual disputes over the existence of terms in those agreements; (2) [Wife] had not read those documents; and (3) [Wife] did not sign or initial those documents prior to their submission to the trial court.

## II.  Law and Analysis

## A.  Standard of Review

{¶ 5}  An appellate court reviews domestic relations cases for an abuse of discretion.

> The Ohio Supreme Court has long recognized that a trial court must have discretion to do what is equitable upon the facts and circumstances of each divorce case. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).  Thus, when reviewing a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard. *Holcomb v. Holcomb*, 44 Ohio

St.3d 128, 130, 541 N.E.2d 597 (1989). An abuse of discretion [* * *] "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Feldman v. Feldman*, 8th Dist. Cuyahoga No. 92015, 2009-Ohio-4202, ¶ 11.

{¶ 6} With regard to in-court settlement agreements, this court has stated:

"An in-court agreement of the parties concerning division of property and alimony adopted by the court as its judgment thereon is enforceable by the court and may be incorporated into the judgment entry even in the absence of an agreement in writing, or an approval of the judgment entry signed by a party or his attorney."

*Kelley v. Kelley*, 76 Ohio App.3d 505, 509, 602 N.E.2d 400 (8th Dist.1991), quoting

*Holland v. Holland*, 25 Ohio App.2d 98, 266 N.E.2d 580 (10th Dist.1970),

paragraph two of the syllabus.

{¶ 7} J.B. argues the trial court abused its discretion when it adopted the Agreement without conducting a hearing because (1) of factual disputes over the Agreement terms; (2) she did not read the Agreement; and (3) she did not sign the documents prior to their submission to the trial court. She contends that a court may not force an agreement upon the parties and must conduct an evidentiary hearing to adjudicate any disputes pertaining to the settlement agreement. *See Kilroy v. Kilroy*, 11th Dist. Geauga No. 2002-G-2470, 2003-Ohio-5214, ¶ 13, citing *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). While J.B. is correct that a trial court may abuse its discretion by adopting a settlement agreement without conducting a hearing to adjudicate disputes, the dispute must first be brought to the attention of the trial court.

{¶ 8} In the instant case, the distinction is that J.B. did not raise an objection to the validity of the Agreement when it was read into the record at the hearing. A review of the transcript reveals that she agreed with all the divorce terms as set forth in open court. In fact, the record reveals that J.B. was given an opportunity to propose any changes or have anything reread into the record to clarify any ambiguity. (Sept. 23, 2021, tr. 13-14.) Her response at that time was that she did not want E.B.'s employer (Schumacher Homes) involved with the sale of the marital home. When asked by the trial court if Wife understood this was a final agreement, Wife replied "yes." (Sept. 23, 2021, tr. 23.) Additionally, after the hearing, J.B. never brought any disputes to the trial court's attention prior to court's adoption of the Agreement. Under these circumstances, the trial court was not required to hold a hearing prior to adopting the Agreement as its judgment issuing the parties a divorce, nor was there a need for any writing signed by J.B. to evidence the terms and conditions of the Agreement. *Kelley* at 509, citing *Holland*.

{¶ 9} J.B. also argues that the Agreement omitted the restoration to her former name. A review of the hearing transcript demonstrates that J.B. testified that she "may take [her] family name." (Sept. 23, 2021, tr. 12.) She had not decided at the time what name to take and wanted "30 days to choose for my name to be changed." (Sept. 23, 2021, tr. 12.) The Agreement adopted by the trial court does not include any reference to J.B.'s name change. While the Agreement does not contain the restoration of J.B.'s former name, J.B. did not make certain at the hearing what former name she wanted or if she truly desired to change her name.

Furthermore, the record does not demonstrate that the parties agreed to the name change, and J.B. did not bring this dispute to the trial court's attention prior to the court's adoption of the Agreement. Therefore, the trial court did not abuse its discretion by adopting the Agreement without reference to J.B.'s name change.

{¶ 10} J.B. further contends that an agreement resolving all matters arising out of the parties' marital relationship was never reached due in large part to E.B.'s failure to fully disclose all assets. She claims that she learned from bank records that E.B. moved large amounts of money out of bank accounts just prior to her filing divorce; E.B. maintained bank accounts in the name of his elderly mother; E.B. filed the parties' 2019 taxes and signed J.B.'s name without her knowledge, resulting in her filing a tax fraud report with the IRS; E.B. received a large bonus that increased his annual income; and E.B. refinanced the marital home by creating a second mortgage for approximately $90,000 in his own name. J.B. also factually disputes the $4,500 per month spousal support for 108 months award as not fair and equitable and splitting the GAL fees of $27,300 because E.B. used the GAL's services far more often. J.B. alleges that "[p]rior to going on the record, [she] had been advised by her legal counsel that the trial judge and GAL did **not** like her and, if [she] did not agree on-the-record, then [she] would lose custody (even shared parenting) of her youngest child, Y.B., and that the marital residence would be sold." (Emphasis sic.)

{¶ 11} J.B.'s contentions are predicated on assertions that are not supported by the record. We note that an appellate court may disregard an assignment of error

under App.R. 12(A)(2) "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) requires that an appellant include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "The appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below." *Davis v. Wesolowski*, 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.), citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955.

{¶ 12} Because J.B. failed to cite to the record in support of her arguments, and the record reveals that she agreed to all the terms of the Agreement at the hearing, we decline to review these arguments. ""An appellate court is not a performing bear, required to dance to each and every tune played on an appeal."" *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 7, quoting *State v. Watson*, 126 Ohio App.3d 316, 710 N.E.2d 340 (12th Dist.1998), quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492 (Apr. 15, 1996).

{¶ 13} Therefore, the sole assignment of error is overruled.

## III.  Conclusion

{¶ 14} The trial court did not abuse its discretion by adopting the Agreement because the parties agreed to the terms in open court.  Additionally, the trial court

was not required to hold a hearing prior to adopting the Agreement as its judgment issuing the parties a divorce.

{¶ 15} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR