{¶ 17} I dissent based upon the authority of this court's decisions in Le-Air Molded Plastics, Inc. v. Goforth (Feb. 24, 2000), Cuyahoga App. No. 74543, 2000 Ohio App. LEXIS 653 and Estate of Sam Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, 1994 Ohio App. LEXIS 3623. I would affirm the judgment of the trial court in the case at bar, because the dismissal in the first case, No. 351207, was conditional, leaving that court with the authority to enforce the settlement agreement reached between the parties in that case.
 {¶ 18} In making its decision, the majority has passed over appellant's specific argument in the two assignments of errors articulated in this case:
 {¶ 19} "I. The trial court abused its discretion by sua sponte dismissing plaintiff's complaint without allowing the plaintiffs to present evidence. (Journal Entry, Vol. 2631, p. 0205).
 {¶ 20} "II. The trial court abused its discretion in sua sponte finding the case before it was previously filed as CV351207 without allowing the plaintiff to present evidence or have an opportunity to be heard. (Journal Entry, Vol. 2631, p. 0205)."
 {¶ 21} The majority takes issue with "the manner in which the trial court resolved the issue." The issue as appellants articulated it is whether the second judge abused her discretion when, without a hearing, the court dismissed their case, which they characterize as a new action based upon the settlement previously reached in Case No. 351207. Without ever addressing appellant's specific argument, the majority has advised what the second judge "should have" done. The underlying issue is whether appellants' commencement of a brand new action is proper and whether the court had sufficient information to make its decision sua sponte.
 {¶ 22} In Bolen v. Young (1982), 8 Ohio App.3d 36, 455 N.E.2d 1316, the Tenth District Court of Appeals held as follows: "Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ. R. 15(E), setting out the alleged agreement and breach." In the case at bar, the issue is whether both options are available in any action seeking enforcement of a settlement agreement. Not both options are available, at least, not on the facts provided in this case.[1] It is the analysis of this issue that explains why the solution offered by the majority is not available.
 {¶ 23} First of all, a motion filed in the original case to enforce the settlement was granted, and a 60(B) motion in that case is still pending. Appellants cite no authority to support the position that litigants can pursue both options at the same time. Second, no one in the case at bar has alleged anything that would justify removing the case from the jurisdiction of the judge in the earlier case. This court has previously ruled that a case marked settled and dismissed is a conditional dismissal. We explained as follows:
 {¶ 24} "A trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit." Mack v. Polson (1984), 14 Ohio St.3d 34, 470 N.E.2d 902. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, 285 N.E.2d 324. A trial court loses the authority to proceed in a matter when the court unconditionally dismisses an action as the court no longer retains jurisdiction to act. State, ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70, 577 N.E.2d 1100.
 {¶ 25} "When an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur. Tepper v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061, unreported; Hines v. Zafko (March 22, 1994), Trumbull County App. No. 93-T-4928, unreported. In the event that a factual dispute arises concerning the existence or the terms of a settlement agreement, as in this instance, Ohio courts have held that an evidentiary hearing is required in order to determine the nature of the purported settlement. Palmer v. Kaiser Found. Health (1991), 64 Ohio App.3d 140, 580 N.E.2d 849." Estate of Sam Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, 1994 Ohio App. LEXIS 3623.
 {¶ 26} In Estate of Sam Berger, supra, the trial court conditionally dismissed the case by stating that all claims between the parties were settled and dismissed. Upon learning that a dispute had arisen between the parties concerning the settlement agreement, the trial court properly set the matter for an oral hearing to determine the extent of the disputed terms. At the evidentiary hearing, the court determined that the parties had, in fact, reached a settlement and ordered that the settlement agreement be enforced.
 {¶ 27} In Case No. 351207, the docket of the first trial court indicates "* * * SD Case dismissed with prejudice." This entry specified a settlement; thus the dismissal was conditional, and the trial court "retain[ed] the authority to enforce" the settlement agreement. Estate of Berger, supra. See also Le-Air Molded Plastics, Inc. v. Goforth (Feb. 24, 2000), Cuyahoga App. No. 74543, 2000 Ohio App. LEXIS 653.
 {¶ 28} After plaintiff filed the second case now before us, the matter was assigned to a different judge. This judge determined that this case was the same case that had been previously settled and dismissed with prejudice and, therefore, that she did not have jurisdiction to proceed.
 {¶ 29} I agree. The complaint in the case at bar specifically alleges that the action arises from a settlement agreement, and the cover sheet filed with this complaint indicates the case had previously been filed and dismissed under Case No. 351207. Any enforcement of the settlement agreement in the underlying case would have to be filed in Case No. 351207. Indeed, the docket in that case indicates that a motion to enforce was filed on October 6, 2000 and granted on November 16, 2000.
 {¶ 30} Moreover, because the face of the complaint and the cover sheet, along with the court's docket in Case No. 351207, provided all the information necessary to determine the issue of jurisdiction, it was not necessary for the court to hold a hearing. Accordingly, I believe appellants' assignments of error are not well taken.
 {¶ 31} The majority acknowledges that the original case was conditionally dismissed and also that this conditional dismissal allowed "the first judge to retain authority over the case if the terms were not met." The majority also acknowledges that "apparently" there was a Civ. R.60(B) motion pending in the first case.[2] Nevertheless, the majority states that the second judge "should have" referred the matter to the administrative judge for reassignment pursuant to Local Rule 15(H).
 {¶ 32} While there is much that the two common pleas judges could have and should have done to resolve the matter, there was no motion to refer to the Administrative Judge. Nor can I accept as a basis for this court's decision the speculation that, "if" the second judge had held a hearing, the parties "could have" suggested such a motion.
 {¶ 33} I would affirm the judgment of the trial court in the case at bar because the dismissal in the first case, No. 351207, was conditional, leaving that court with the authority to enforce the settlement agreement reached between the parties in that case and thus leaving the parties with no other option than to return to the trial judge in that case.
 {¶ 34} For this reason I further disagree with the majority's final reason: that because the first judge refused to accept the case back onto her docket and the second judge in the case dismissed the new case on the same matter, "[t]his left the Gatlins with no means to seek reassignment of the case to the proper docket." There was no reason to keep the second case alive, much less to reassign it. Neither at the trial nor at the appellate level has there been any indication that the cases differ in any material respect. Given the pendency of the 60(B) motion in the first case and the court's continuing jurisdiction to enforce the parties' settlement, I see no reason for the majority to declare that the second judge should have kept the second case alive, much less had to, when appellant never had the option to file it.
[1] I note in Bolen the following critical facts: (1) the terms of the agreement were not memorialized on the record, (2) defendant later disputed the terms of the agreement by refusing to approve an entry journalizing the agreement, (3) the court asked plaintiff a submit a Judgment Entry setting forth the agreement, the terms of which defendant disputed, (4) without an evidentiary hearing, the trial judge, in a judgment entry, adopted the terms of the agreement as the judge recalled them and understood them. The Bolen court explained the proper procedure under these circumstances is to have an evidentiary hearing before another judge, in which the trial judge may be called as a witness to testify as to the judge's recollection and understanding of the terms of the agreement. In the case at bar, there is nothing to indicate that whether the judge relied upon her personal knowledge of the terms of the past settlement and that this basis is challenged.
[2] The record in the underlying case makes this clear. A court may "take judicial notice of related proceedings and records in cases before that court." In re D.H. Overmeyer (1982) 23 B.R. 823, 928. See also Evid. R. 201.